JORDAN v JARVIS

Docket No. 149502. Submitted October 8, 1992, at Marquette. Decided March 25, 1993; approved for publication June 25, 1993, at 9:15 A.M. Leave to appeal denied, 443 Mich 876.

Morris Martin and Ronald L. Jordan, inmates of the Marquette Branch Prison, brought an action under 42 USC 1983 in the Marquette Circuit Court against William B. Jarvis and Thomas C. Laitinen, alleging that they were deprived of their rights to due process when they were convicted of minor misconduct and denied privileges for ten days for engaging in unauthorized communication in the prison library by passing a piece of paper between them. The misconduct hearing was conducted by resident unit manager Jarvis, and an appeal was denied by assistant deputy warden Laitinen. The defendants moved for summary disposition, contending that the plaintiffs had failed to state a claim upon which relief could be granted, and subsequently filed a supplemental motion, contending that there existed no genuine issue of material fact and they were entitled to judgment as a matter of law. Jordan moved to strike the supplemental motion. The court, Raymond J. Jason, J., denied the motion to strike and granted summary disposition for the defendants on both grounds asserted. Jordan appealed.

The Court of Appeals *held:*

1. Jordan was accorded all the procedural due process rights required by US Const, Am XIV. He was provided with advance written notice of the disciplinary charge, an opportunity to call witnesses and present documentary evidence, and a written statement by the finder of fact of the evidence relied on and the reasons for the disciplinary action.

2. Because Jordan's due process rights were satisfied at the hearing, Laitinen's denial of Jordan's appeal did not constitute deliberate indifference or a tacit authorization of violative practices.

3. Jarvis did not lack authority to act as hearing officer. 1987

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 127-130, 137.
Prisoner's procedural due process rights, under Federal Constitution's Fourteenth Amendment, in state prison disciplinary proceedings—Supreme Court cases. 85 L Ed 2d 925.

AACS, R 791.3301 provides in part that the Department of Corrections may assign employees other than full-time hearing officers to conduct administrative hearings regarding inmates. Under a policy directive and an operating procedure of the department, a minor misconduct hearing may be conducted by a housing unit team member such as Jarvis.

4. The trial court did not abuse its discretion in denying Jordan's motion to strike the supplemental motion for summary disposition. A motion for summary disposition based on MCR 2.116(C)(10) may be filed and raised at any time, MCR 2.116(D)(3), (E)(3), and it is not a pleading that is subject to a motion to strike, MCR 2.115(B), 2.118(E).

Affirmed.

PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — DUE PROCESS.

Procedural due process requirements of the Fourteenth Amendment are satisfied in a disciplinary hearing concerning misconduct by an inmate where the inmate is provided with advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the finder of fact of the evidence relied on and the reasons for the disciplinary action (US Const, Am XIV).

Ronald L. Jordan, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Jason Julian,* Assistant Attorney General, for the defendants.

Before: CONNOR, P.J., and BRENNAN and MARILYN KELLY, JJ.

PER CURIAM. Appellant, an inmate in the Marquette Branch Prison (MBP), appeals as of right from an order of the Marquette Circuit Court dismissing his civil rights action against defendants. 42 USC 1983. Defendants are employees of the Michigan Department of Corrections (MDOC). Appellant argues on appeal that the trial court erred in granting summary disposition to defendants. He asserts, also, that the court erred in

failing to strike defendants' supplemental motion for summary disposition. We affirm.

While appellant and Morris Martin were in the law library at the MBP, appellant handed Martin a piece of paper. The librarian, Wanda Kiiskela, confiscated it and expelled both men from the library. Kiiskela issued identical misconduct reports against them, charging they made an "unauthorized communication." The piece of paper contained a legal case citation. At the time of the incident, appellant was on legal assistance restriction.

Defendant William Jarvis, resident unit manager of MBP, appointed himself as the disciplinary hearing officer. As such, he was responsible for adjudicating appellant's minor misconduct charge. Jarvis found appellant guilty and imposed the sanction of a ten-day loss of privileges. Appellant appealed to defendant Thomas Laitinen, assistant deputy warden, who denied the appeal.

Appellant filed suit in circuit court, alleging that he had been denied due process at the disciplinary hearing because Jarvis: (1) presided over the hearing without lawful authority; (2) denied his request for a copy of the confiscated paper upon which his charge was based; and, (3) found him guilty absent a finding that the conduct was unauthorized. Appellant also alleged that he had been denied due process by Laitinen's arbitrary denial of the appeal.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8). Later, they filed a supplemental motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Appellant moved to strike the supplemental motion. The court denied the motion to strike and granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10).

I

Appellant argues that summary disposition was inappropriate, since his due process rights were violated by Jarvis' failure to provide him with adequate notice of the charge against him. He claims he did not receive a copy of the confiscated paper in time to prepare his defense. Appellant premises his alleged due process right on 1989 AACS, R 791.3310, which provides:

(1) Sufficiently before a fact-finding hearing to allow preparation of a response, a prisoner shall receive written notice of the purpose of the hearing. A copy of the disciplinary report or other information regarding circumstances giving rise to the hearing shall accompany the notice.

(2) A prisoner has the following rights at a fact-finding hearing:

(a) To be present and speak on his or her own behalf.

(b) To receive a copy of any departmental document specifically relevant to the issue before the hearing officer, unless disclosure of the document would be a threat to the order and security of the institution or the safety of an individual.

A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v Thompson,* 490 US 454, 460; 109 S Ct 1904; 104 L Ed 2d 506 (1989).

Even assuming that Rule 791.3310 establishes a protected liberty interest in appellant to receive a copy of the confiscated paper, appellant's due process claim is without merit. He received the minimum procedures appropriate under the circum-

stances and required under the Due Process Clause. US Const, Am XIV.

The requirements of the Due Process Clause are "flexible and variable dependent upon the particular situation being examined." *Spruytte v Dep't of Corrections,* 184 Mich App 423, 432; 459 NW2d 52 (1990), citing *Wolff v McDonnell,* 418 US 539, 560; 94 S Ct 2963; 41 L Ed 2d 935 (1974). Courts must balance the interests affected by the relevant government action. *Superintendent, Massachusetts Correctional Institution at Walpole v Hill,* 472 US 445; 105 S Ct 2768; 86 L Ed 2d 356 (1985). Procedural rules designed for free citizens in an open society may not apply to the very different situations presented by a disciplinary proceeding in a state prison. *Hewitt v Helms,* 459 US 460, 472; 103 S Ct 864; 74 L Ed 675 (1983).

In *Wolff,* the United States Supreme Court listed the rights of an inmate faced with a prison disciplinary hearing involving the loss of good time which could lengthen the imprisonment. They are: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence for the defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.

Unlike *Wolff,* appellant's disciplinary hearing resulted only in the loss of privileges for ten days. Appellant admitted that he had been given a copy of the minor misconduct report before the hearing. Jarvis averred in his affidavit and in the Minor Misconduct Violation and Hearing Report that, during the hearing, appellant received a copy of the paper confiscated in the library. Further, appellant was allowed to present a defense, and Jarvis prepared a written statement explaining the evidence relied on and the reasons for the

disciplinary action. We conclude that appellant received all the due process required under the circumstances. See *Spruytte, supra.*

Appellant's claim against Laitinen is equally without merit. Since appellant's due process rights were satisfied, Laitinen's denial of appellant's administrative appeal could not constitute deliberate indifference or a tacit authorization of violative practices. See *Fruit v Norris,* 905 F2d 1147, 1151 (CA 8, 1990).

II

Appellant argues that the trial court improperly granted summary disposition to defendants, since Jarvis acted without lawful authority to preside over the misconduct hearing pursuant to 1987 AACS, R 791.3301. The rule provides in part:

> (1) All full-time hearing officers shall be employees of the department's hearings division. In addition, the department may assign other employees to act as hearing officers to conduct administrative hearings regarding corrections clients.

Appellant argues that the MDOC did not assign Jarvis to conduct the administrative hearing and that Jarvis could not rely on an unpromulgated policy statement to authorize the assignment. Jarvis conducted appellant's minor misconduct hearing in accordance with an MDOC policy directive, PD-DWA-60.01. The directive provides that a prisoner charged with minor misconduct shall be entitled to a hearing by an employee designated by the institutional or Bureau of Field Services operating procedure. The operating procedure in question states that a housing unit team member must conduct minor misconduct hearings. OP-MBP-

60.02. Jarvis was a member of the housing unit team.

In construing administrative rules, courts apply principles of statutory construction. *Detroit Based Coalition for Human Rights of Handicapped v Dep't of Social Services,* 431 Mich 172, 185; 428 NW2d 335 (1988), citing *General Motors Corp v Bureau of Safety & Regulations,* 133 Mich App 284; 349 NW2d 157 (1984). However, if the agency's rule is clear and unambiguous, judicial interpretation is neither required nor permitted, and the court should not look beyond the ordinary meaning of the language used. *Jordan v Dep't of Corrections,* 165 Mich App 20, 28; 418 NW2d 914 (1987). If construction is warranted, we must construe the rule according to the common and approved usage of the language. Reference to dictionary definitions is appropriate. See *In re Forfeiture of One Front-End Loader,* 192 Mich App 617; 481 NW2d 791 (1992).

The term "shall" ordinarily designates a mandatory provision, and the term "may" designates a permissive provision. See *Murphy v Sears, Roebuck & Co,* 190 Mich App 384, 386-387; 476 NW2d 639 (1991). Here, the regulation provides that the department "may" assign other employees as hearing officers. It does not require it.

The policy directives and operating procedures neither conflict nor exceed the scope of the rule. See *Jordan, supra,* 27. They merely designate persons to conduct minor misconduct hearings. They need not be promulgated into rules, since they concern only the inmates of a state correctional facility and do not affect other members of the public. See MCL 24.207(k); MSA 3.560(107)(k). We conclude that summary disposition was appropriate, because Jarvis had legal authority to conduct appellant's minor misconduct hearing.

III

Lastly, appellant argues that the trial court erred in failing to strike defendants' supplemental motion for summary disposition, since the requirements of MCR 2.118(E) were not met. The trial court denied the motion, given that defendants could have filed a separate motion for summary disposition pursuant to MCR 2.116(C)(10) without leave of the court. See MCR 2.116(D)(3) and (E)(3).

We conclude that the trial court did not abuse its discretion in denying the motion to strike. See *Maurer v McManus*, 161 Mich App 38, 54; 409 NW2d 747 (1987). The requirements of MCR 2.118(E) and 2.115(B) apply only to pleadings. A motion for summary disposition is not a pleading. See MCR 2.110. Further, more than one summary disposition motion may be filed, and a motion under MCR 2.116(C)(10) may be raised at any time. MCR 2.116(D)(3) and (E)(3).

Affirmed.