683 N.W.2d 759 (2004)
261 Mich.App. 604
HINKY DINKY SUPERMARKET, INC., Petitioner-Appellee,
v.
DEPARTMENT OF COMMUNITY HEALTH, Respondent-Appellant.
Docket No. 242679.
Court of Appeals of Michigan.
Submitted February 5, 2004, at Lansing.
Decided February 19, 2004.
Approved for publication April 22, 2004, at 9:00 a.m.
Released for Publication July 7, 2004.
Law Office of Roger G. Isaac (by Roger G. Isaac), Flint, for the petitioner.
*760 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, and Denise H. Chrysler, Assistant Attorney General, for the respondent.
Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.
PER CURIAM.
Respondent appeals by leave granted from the circuit court's order reversing respondent's administrative decision terminating petitioner's contract as a Women, Infants, and Children (WIC) program vendor and disqualifying petitioner from WIC participation for three years. We reverse and reinstate respondent's decision.
Respondent argues that the circuit court reversed respondent's decision on the basis of an erroneous due process analysis. We review a circuit court's decision on an administrative appeal to "determine whether the lower court applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." Boyd v. Civil Service Comm., 220 Mich.App. 226, 234, 559 N.W.2d 342 (1996). In other words, we review the circuit court's conclusions of law de novo and its findings of fact for clear error. Boyd, supra at 234, 559 N.W.2d 342, In re Hawley, 238 Mich.App. 509, 511, 606 N.W.2d 50 (1999).
We find the circuit court's decision erroneous for two reasons. First, the court ruled that respondent violated petitioner's due process rights without analyzing whether petitioner had a constitutionally protected interest in the WIC contract.
The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law. US Const., Am. XIV; Const. 1963, art. 1, § 17. "A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient." Jordan v. Jarvis, 200 Mich.App. 445, 448, 505 N.W.2d 279 (1993).
The court omitted the first part of this dual inquiry and moved immediately to an analysis of respondent's procedures. In so doing, the court failed to follow Michigan's procedural due process jurisprudence. But we need not address this error because even assuming that it had a protected interest in the contract, petitioner received full constitutional protection.
This Court has explained the nature of "constitutionally sufficient" procedure as follows:
Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker. The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence. [Cummings v. Wayne Co., 210 Mich.App. 249, 253, 533 N.W.2d 13 (1995) (citation omitted).]
In accord with these requirements, petitioner received timely notice and a full hearing, during which it responded to the evidence against it. So there were no legally cognizable deficiencies in the proceedings. Nevertheless, the circuit court ruled that the administrative proceedings did "not seem to comport with due process."
The court cited no authority for its conclusions, and we are unable to find authority supporting them. Petitioner has no "right to confrontation" that would require admission of the actual items that respondent's agent obtained with WIC coupons. The Confrontation Clause does *761 not apply to civil proceedings. In re Brock, 442 Mich. 101, 108, 499 N.W.2d 752 (1993). In addition, the concept of " confrontation" itself is inapplicable because it involves the right to cross-examine witnesses, not the right to inspect objects. If petitioner had a right to confrontation, its cross-examination of respondent's agent at the hearing was all that right would afford. Moreover, petitioner's contract with respondent states that respondent will donate items bought when checking for compliance with the WIC program. So the absence of the actual items from the hearing could not have caused a "confrontation" problem, as the court believed.
Furthermore, there is no form of the "best evidence" rule that would require respondent to produce the disputed items. In Steinberg v. Ford Motor Co., 72 Mich.App. 520, 528, 250 N.W.2d 115 (1976), we held that "[t]he so-called best evidence rule, for very good reasons, has been limited in its application to documentary evidence." Because there is no rule requiring it and no violation of petitioner's rights, we conclude that the absence of the actual items did not create a deficiency in the proceedings.
As a result, we hold that the circuit court erred in reversing respondent's administrative decision. Even if petitioner had a constitutionally protected property interest in the WIC contract, it received timely notice, a hearing, and an opportunity to respond to the evidence against it. This is all the federal and state constitutions require. Also, the absence of the actual items had no legal effect on the hearing or on petitioner's rights. We therefore reverse the circuit court's order and reinstate respondent's administrative decision.