BELLEVUE VENTURES, INC v MORANG-KELLY
INVESTMENT, INC

Docket No. 309743. Submitted July 10, 2013, at Detroit. Decided July 30,
2013, at 9:00 a.m.

Bellevue Ventures, Inc., brought an action in the Wayne Circuit
Court against Morang-Kelly Investment, Inc., alleging that
Morang-Kelly had stopped making payments on some used super-
market equipment it had purchased from plaintiff and installed at
one of its Detroit stores. Morang-Kelly responded that the equip-
ment was faulty and, further, that it was not a party to the
purchase and installation agreement because the person who
signed it, Mike Awdish, was not Morang-Kelly's authorized agent.
The court, Prentis Edwards, J., awarded plaintiff $90,336.84 of the
$95,700 balance due on a theory of unjust enrichment. Judge John
A. Murphy entered a judgment in that amount, and defendant
appealed.

The Court of Appeals *held*:

1. The trial court erred by striking defendant's countercom-
plaint, amended answers, and amended affirmative defenses on
the ground that these items failed to appear in the register of
actions or the physical case file. MCR 2.107(G) requires only that
a party confirm that its pleadings have been filed *with* the clerk,
not *by* the clerk, and defendant presented copies of the documents
at issue that had been time-stamped by the court clerk's office.
However, this error was harmless because the court allowed
defendant to pursue the substance of the stricken defenses and
counterclaim throughout the trial.

2. The trial court did not err by refusing to dismiss plaintiff's
cause of action on the ground that the documents it had provided
defendant were under the name of a corporation that no longer
existed. Plaintiff had the capacity to recover damages under a
theory of unjust enrichment regardless of the corporation's status.

3. The trial court did not err by concluding that Awdish had
either actual or apparent authority to act as defendant's agent.
Furthermore, plaintiff would have been entitled to recover dam-
ages under a theory of unjust enrichment regardless of Awdish's
legal status.

4. The record was insufficient to determine whether the trial court erred by proceeding with a bench trial rather than a trial by jury. Remand was necessary to determine whether plaintiff had actually filed the jury demand on which defendant asserted it had relied.

Reversed and remanded; jurisdiction retained.

1. PLEADINGS — FILING WITH COURT CLERK.

Under MCR 2.107(G), it is a party's responsibility to confirm that it has filed its pleadings and other materials with the court clerk; a party need not be able to prove that the clerk subsequently filed these documents or included them in the register of actions.

2. PLEADINGS — FILING WITH COURT CLERK — PROOF OF FILING.

The presentation of a time-stamped copy of a document constitutes proof of compliance with the filing requirements of MCR 2.107(G).

*Sitto Law, PLLC* (by *Brent F. Sitto* and *Timothy Mulligan*), for plaintiff.

*Chasnick Terrasi, PLLC* (by *David A. Chasnick* and *Margaret S. Terrasi*), for defendant.

Before: FORT HOOD, P.J., and FITZGERALD and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Defendant appeals by right the circuit court order awarding plaintiff $90,336.84, for unjust enrichment. For the reasons stated below, we reverse and remand.

I. FACTS

Plaintiff, Bellevue Ventures, Inc., doing business as Metro Equipment, Inc., is a Michigan corporation engaged in the business of purchasing, refurbishing, and selling used equipment. Defendant, Morang-Kelly Investment, Inc., doing business as Farmer's Best, is a Michigan corporation engaged in the supermarket business.

In April of 2010, plaintiff filed a complaint against

defendant alleging breach of contract and unjust enrichment. Plaintiff alleged that it had entered into a contract for the sale and installation of used supermarket refrigeration equipment at defendant's Wyoming Street location in Detroit with a person named Mike Awdish; however, defendant had ceased making payments on the equipment with an outstanding balance of $95,700 that remained to be paid. At a bench trial on the matter, defendant asserted that the equipment was faulty and had cost defendant tens of thousands of dollars in lost product and repair costs, that defendant was not a party to the contract at issue because Awdish was not an authorized agent of defendant, and that Awdish had merely given the equipment to defendant.

At the conclusion of trial, the trial court issued an oral opinion awarding plaintiff $90,336.84. In support of this award, the trial court ruled that although there was no written contract between the parties, an informal agreement existed between plaintiff and Awdish. The court further ruled that Awdish either was or held himself out to be defendant's agent and that the equipment was still in use by defendant and defendant would be unjustly enriched if it did not perform its side of the agreement. The trial court arrived at the award by using the contract price and offsetting the amount actually paid to plaintiff, as well as giving credit to defendant for repair expenses incurred within a reasonable time after purchase.

## II. ANALYSIS

First, defendant argues that the trial court erred by striking defendant's countercomplaint, amended answers, and amended affirmative defenses. We agree, but find the error harmless. We review a lower court's

striking of a pleading for an abuse of discretion. *Jordan v Jarvis*, 200 Mich App 445, 452; 505 NW2d 279 (1993).

At the time defendant's pleadings were struck, MCR 2.107(G) provided that "[t]he filing of all pleadings and other papers with the court as required by [the court] rules must be with the clerk of the court . . . ."[1] Further, "[i]t is the responsibility of the party who presented the papers to confirm that they have been filed with the clerk." *Id.*

Plaintiff moved to strike defendant's countercomplaint, amended answers, and amended affirmative defenses after they failed to appear in either the register of actions or the physical case file. Defendant presented to the trial court copies of the pleadings, all of which contained a time-stamp from the Wayne County Clerk's Office, and established that a third-party summons concerning the pleadings had been issued by the clerk; however, the trial court struck the pleadings on the basis of defendant's failure to ensure that they had been filed with the clerk pursuant to MCR 2.107(G).

On appeal, defendant asserts that it did everything required under the court rules to ensure that the documents in question were filed, and that the trial court abused its discretion by granting plaintiff's motion to strike. We agree. The court rule provides that "[i]t is the responsibility of the party who presented the materials to confirm that they have been filed with the clerk." MCR 2.107(G). The rule does not, however, require that the party who presented the materials to the clerk confirm that the clerk subsequently filed the materials in the physical file or included them in the register of actions. Accordingly, we hold that proof of filing *with* the clerk, and not proof of filing *by* the clerk,

---

[1] This provision was amended effective January 1, 2013, but the minor changes in phrasing do not affect the applicability of our analysis.

is sufficient to establish compliance with MCR 2.107(G). We further hold that the presentation of time-stamped copies to the trial court constitutes proof of such compliance, and plaintiff's motion to strike should have been denied.

Despite this error, however, the trial court's erroneous grant of plaintiff's motion to strike was rendered harmless by the fact that the trial court permitted defendant to pursue the substance of the stricken defenses and counterclaim throughout trial. In those documents, defendant had asserted that any alleged breach was justified by the fact that plaintiff had supplied defendant with defective merchandise and that defendant had incurred substantial costs while repairing those defects. At trial, significant portions of testimony and argument were devoted to the state of the equipment sold to defendant by plaintiff. In fact, at the conclusion of trial, the trial court ordered an offset to the amount awarded to plaintiff to account for some of the repairs that defendant was required to pay for after purchasing the merchandise in question. Therefore, defendant suffered no prejudice and is not entitled to relief.

Additionally, defendant argues that the trial court erred by ruling that plaintiff had the legal capacity to file a lawsuit. We disagree. We review a trial court's decision on a motion in limine for an abuse of discretion. *Bartlett v Sinai Hosp of Detroit*, 149 Mich App 412, 418; 385 NW2d 801 (1986).

In the instant case, on the morning of trial, defendant made a motion in limine seeking dismissal of plaintiff's cause of action, arguing that all of the invoices and documents provided to defendant had been under the name of Metro Equipment, Inc., and that no such corporation existed. Accordingly, defendant argued that Metro Equipment, Inc. lacked the legal power to

sue and that plaintiff's action must be dismissed, as plaintiff was holding itself out as Metro Equipment, Inc. The trial court rejected defendant's argument.

On appeal, defendant continues to assert that it was entitled to dismissal on the grounds that Metro Equipment, Inc. is not a valid corporation. Defendant fails to recognize, however, that the trial court awarded a judgment to plaintiff under a theory of unjust enrichment. The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit. *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 546; 473 NW2d 652 (1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Martin v East Lansing Sch Dist*, 193 Mich App 166, 177; 483 NW2d 656 (1992). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id*.

Here, the record reflects that there was no express contract between the parties, and that defendant received a benefit from plaintiff in the form of refrigeration equipment, installation, and maintenance. The record also shows that plaintiff was not paid in full for those goods and services. Under these facts, inequity would result if plaintiff were allowed to retain the benefit of the unpaid goods and services, and these facts alone are sufficient to establish both a theory of unjust enrichment and, by extension, plaintiff's capacity to recover damages. Therefore, because plaintiff had the power to sue under the equitable theory of unjust enrichment, the trial court did not err by permitting the case to go to trial.

Defendant also argues that the trial court erred by finding that Mike Awdish was an agent of defendant. We disagree. We review a trial court's findings of fact for clear error. MCR 2.613(C).

The Michigan Supreme Court has defined "apparent authority" as follows:

> Whenever the principal, by statements or conduct, places the agent in a position where he appears with reasonable certainty to be acting for the principal, or without interference suffers the agent to assume such a position, and thereby justifies those dealing with the agent in believing that he is acting within his mandate, an apparent authority results which replaces that actually conferred as the basis for determining rights and liabilities. [*Central Wholesale Co v Sefa*, 351 Mich 17, 25; 87 NW2d 94 (1957) (citation and quotation marks omitted).]

Here, not only did Awdish hold himself out as having authority to bind defendant with regard to the store the equipment was being installed in, defendant ratified this apparent authority by accepting the goods and services, as well as the invoices for those goods and services. Defendant's assertions at trial and on appeal—that Awdish was not an agent of defendant and that defendant was not a party to the agreement at issue—are completely belied by defendant's conduct, as well as by the facts of this case.

Further, as noted, remedy in this matter was granted under the equitable theory of unjust enrichment. It was undisputed at trial that defendant received the equipment from plaintiff, that the equipment was still in use by—in fact, "needed" by—defendant, and that plaintiff had not been fully compensated for the equipment and services it rendered to the benefit of defendant. Under those facts, the agency status of Awdish is of no true legal significance, because defendant received a benefit from plaintiff and inequity would have resulted from the retention of the benefit. *Dumas*, 437 Mich at 546. Therefore, either because Awdish had authority or apparent authority to bind defendant to an agreement or because plaintiff provided defendant with a benefit

that would be unjust for defendant to retain, the trial court did not err by ruling that defendant was liable for the outstanding balance due on the equipment in question.

Finally, defendant argues that the trial court erred by proceeding with a bench trial rather than a trial by jury. We find that the record is insufficient to determine this issue. We review whether a party has a right to a jury trial de novo. *In re MCI Telecom Corp Complaint*, 240 Mich App 292, 311; 612 NW2d 826 (2000).

Under MCR 2.508(D)(1), a party who fails to file a jury demand or pay the jury fee waives the right to trial by jury. Under MCR 2.508(D)(3), "[a] demand for trial by jury may not be withdrawn without the consent, expressed in writing or on the record, of the parties or their attorneys."

In the instant case, a bench trial was conducted over the objections of defendant, who asserted that plaintiff had filed a jury demand on which defendant had relied. While the register of actions reflects that plaintiff paid a jury fee and filed a jury demand, no jury demand appears in the lower court record and no reference to a jury demand was made in any of plaintiff's filings.

Unfortunately, and much to the frustration of this Court, deficiencies and irregularities in the record and register of actions have been substantial issues throughout the instant case at both the trial and appellate court levels. Given the systemic deficiencies in the record, we are unable to determine with any degree of certainty whether we should base our determination on the content found in the register of actions, or the lack of content found in the lower court record.[2]

---

[2] As we indicated previously, defendant had time-stamped copies of pleadings that are neither in the file nor in the register of actions, and

Accordingly, we find it necessary to remand this issue to the trial court for an evidentiary hearing as to whether or not a jury demand was properly filed and a jury fee was paid in this matter. Only then can a final determination be made as to whether or not defendant was entitled to a jury trial.

Reversed and remanded for the reasons stated in this opinion. We retain jurisdiction.

FORT HOOD, P.J., and FITZGERALD, J., concurred with RONAYNE KRAUSE, J.

---

although plaintiff indicates that no jury fee was paid and no jury demand was filed, both are noted on the register of actions.