# STATE OF MICHIGAN

# COURT OF APPEALS

DAWS EXCAVATING, LLC,

             Plaintiff-Appellee/Cross-Appellee,

v

CAMP RETREATS FOUNDATION,

             Defendant-Cross-Appellant,

and

TAWHEED INSTITUTE, INC., and
HASSANAIN RAJABALI,

             Appellants.

UNPUBLISHED
February 13, 2018

No. 335313
Lapeer Circuit Court
LC No. 2011-044698-CK

Before: TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

In this appeal arising from postjudgment supplementary proceedings, Tawheed Institute, Inc. (Tawheed), Hassanain Rajabali, and defendant, Camp Retreats Foundation (Camp Retreats), appeal the trial court's order granting plaintiff, Daws Excavating, LLC's, motion for summary disposition and setting aside a quit-claim deed conveying real property from Camp Retreats to Tawheed. We vacate the trial court's order and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this lawsuit against Camp Retreats in December 2011 to recover a debt owed by Camp Retreats for excavating work plaintiff performed at the property commonly known as 5125 Klam Road in Marathon Township. At the time of plaintiff's performance and when it filed suit, Camp Retreats held title to the Klam Road property. In June 2014, pursuant to the parties' settlement, the trial court entered a consent judgment in favor of plaintiff in the amount of $87,427.58—the full amount plaintiff sought in its complaint.

Shortly after this action was initiated, and unknown to plaintiff, Camp Retreats conveyed the Klam Road property to Tawheed, its parent corporation, via a quit-claim deed, for zero consideration. After the conveyance, Camp Retreats no longer had any assets to pay the judgment. Believing that Rajabali, who was the president of both Camp Retreats and Tawheed

-1-

and executed the quit-claim deed, transferred the Klam Road property to avoid paying the judgment, plaintiff filed a motion for proceedings supplemental to the judgment pursuant to MCL 600.6101 *et seq*. Plaintiff alleged that Camp Retreats' conveyance of the property was or may have been fraudulent under Michigan's Uniform Fraudulent Transfer Act ("UFTA")[1] and requested that the trial court add Tawheed and Rajabali as parties to its cause of action under MCL 600.6128. Plaintiff's motion set forth factual allegations and documentary evidence regarding the circumstances surrounding the conveyance indicative of fraud and requested that Tawheed's assets be made available to satisfy the judgment. In response, Camp Retreats argued that due process entitled Tawheed to proper notice and an opportunity to defend and that plaintiff must file suit against and serve Tawheed with a complaint.

Following a hearing on plaintiff's motion for proceedings supplemental to the judgment, the trial court entered an order providing, in pertinent part, as follows:

> 1.     That sufficient cause has been presented to indicate that the corporation known as Tawheed Institute, Inc., be joined as a party to this action.
>
> 2.     Accordingly, Plaintiff is to issue a summons to join Tawheed Institute, Inc., as a party and have the resident agent of that corporation served with the summons and a copy of this order and the motion for proceeding supplemental to judgment.

The court made the same findings, and ordered plaintiff to take the same action, with respect to Rajabali. The order also stated that Tawheed and Rajabali could "file an answer to this order and the motion for proceeding supplemental to judgment" to show cause why they should not be made parties to the action.

Pursuant to the court's order, plaintiff issued a summons and complaint identifying Tawheed and Rajabali as defendants. Rajabali was personally served, on his own behalf and in his capacity as resident agent for Tawheed, with the summons and complaint, a copy of the court's order, and plaintiff's motion. Tawheed and Rajabali jointly responded, identifying themselves as "nonparties" and requesting that the court deny plaintiff's motion for supplemental proceedings. They asserted that the purpose of Camp Retreats' transfer of the Klam Road property was not to thwart collection efforts; instead, Camp Retreats was merely holding title to Tawheed's property, which was purchased with Tawheed's funds, and the transfer was made to the true owner to effectuate the original intent of the parties. Despite their opposition, nothing in the record indicates that the trial court ever entertained their response or granted or denied

---

[1] MCL 566.31 *et seq*. 2016 PA 552 amended the short title of what was formerly known as the "Uniform Fraudulent Transfers Act" to the "Uniform Voidable Transactions Act," effective April 10, 2017. See MCL 566.45(1). However, because the relevant lower court proceedings took place before the amendment went into effect, we will refer to the act as the "Uniform Fraudulent Transfer Act" or the "UFTA," as it was known at the time of the lower court proceedings. The amendment did not alter the provisions at issue in this case.

plaintiff's motion to add Tawheed and Rajabali as parties. Subsequent filings by Tawheed, Rajabali, and plaintiff referred to Tawheed and Rajabali as "nonparties."

At any rate, the supplemental proceedings continued. Plaintiff moved for summary disposition under MCR 2.116(C)(10), asserting that there was no genuine issue of fact that Camp Retreats fraudulently transferred the Klam Road property in violation of the UFTA, and seeking to set aside the quit-claim deed conveying the property to Tawheed. Plaintiff presented evidence supporting its assertion that several "badges of fraud" present in the case established that Camp Retreats' quit-claim conveyance of the Klam Road property to Tawheed was made with actual intent to defraud plaintiff.[2] Specifically, plaintiff argued: (1) that the conveyance occurred shortly after plaintiff commenced its breach of contract action against Camp Retreats, when Camp Retreats owed plaintiff a substantial sum of money; (2) Camp Retreats conveyed the Klam Road property to its parent corporation for zero consideration; (3) the business[3] continued to operate, despite the transfer of the property to Tawheed; and (4) Rajabali, who executed the quit-claim deed, was the president of both Camp Retreats (the transferor) and Tawheed (the transferee), and dealt with plaintiff regarding the work performed on the property. Alternatively, plaintiff asserted that the circumstances presented a case of constructive fraud under the UFTA because plaintiff's claim arose before the transfer, and Camp Retreats received no value in exchange for the property and was left with no assets as a result of the conveyance.[4]

Tawheed and Rajabali filed a response opposing plaintiff's summary disposition motion on both procedural and substantive grounds. They argued that the motion was procedurally improper, in violation of their due process right to proper notice and the opportunity to defend, because plaintiff's judgment was against Camp Retreats, not Tawheed or Rajabali, who were not parties to the underlying action. Additionally, plaintiff never filed suit against Tawheed with a complaint and summons properly setting forth its liability for the allegedly fraudulent transfer under the UFTA. Tawheed and Rajabali also challenged the substantive merits of plaintiff's motion, again asserting that the transfer of the Klam Road property from Camp Retreats to Tawheed was not fraudulent. They continued to maintain that the property was purchased with Tawheed's funds and that the conveyance simply placed proper title in the true owner, Tawheed. They further denied that the connections needed to support a claim under the UFTA were present.

After a very brief hearing and without giving any consideration to Tawheed and Rajabali's response opposing the motion, the trial court granted plaintiff's motion for summary disposition on the basis that Camp Retreats, which did not appear at the hearing or file a response, did not oppose the motion. The court said: "The only opposition I see [is] from a

---

[2] See MCL 566.34(1)(a).

[3] A large camp facility is situated on the Klam Road property. Rajabali testified that Camp Retreats was organized as a "title holding company" to hold, manage, and operate the Klam Road property and that Camp Retreats generated funds by renting the property's facilities to nonprofit organizations.

[4] See MCL 566.35(1).

-3-

nonparty, which they're a nonparty as far as this Court is concerned. There is no opposition to [plaintiff's] motion . . . ." The court then entered an order setting aside the quit-claim deed conveying the Klam Road property from Camp Retreats to Tawheed. The court denied Camp Retreats' motion for reconsideration. Tawheed and Rajabali appealed and Camp Retreats cross-appealed (hereinafter referred to collectively as "appellants").[5]

## II. DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

Appellants argue that the trial court's actions in granting plaintiff's motion for summary disposition and setting aside the quit-claim deed deprived Tawheed of its property without due process. We agree.

Initially, contrary to appellants' assertion, we believe plaintiff could properly pursue recovery of its judgment under the UFTA by initiating postjudgment supplementary proceedings by motion, without instituting a separate action against Tawheed; although, as we will discuss in greater detail, Tawheed was required to be joined as a party. Generally, an action is commenced by filing a complaint.[6] Accordingly, a court's "subject-matter jurisdiction is established by the pleadings[.]"[7] In its original complaint alleging breach of contract against Camp Retreats, plaintiff did not name Tawheed (or Rajabali) as a party, nor did plaintiff plead a theory of liability under the UFTA or seek leave to amend its complaint for that purpose.[8] Nor did plaintiff plead its claim for relief under the UFTA in a separate action against Tawheed. Instead, plaintiff pursued collection of its judgment by moving in its original action for postjudgment supplementary proceedings seeking relief under the UFTA, asserting that Camp Retreats fraudulently conveyed the Klam Road property to Tawheed, and seeking to add Tawheed and Rajabali as parties to its action. This was not improper.

Michigan permits postjudgment supplementary proceedings to collect on a money judgment.[9] MCR 2.621(A)(2) provides that when a party to a civil action obtains a money judgment, that party may, "*by motion in that action* or by a separate civil action," obtain relief supplemental to the judgment under MCL 600.6101 through MCL 600.6143.[10] MCL 600.6104, in turn, allows the court to compel discovery of property of a judgment debtor; prevent the

---

[5] Camp Retreats did not join the claim of appeal filed by Tawheed and Rajabali and, instead, filed a claim of cross-appeal several days later. However, all three parties filed a joint brief raising a single issue, and the same argument, for appellate review.

[6] MCL 600.1901; MCR 2.101(B).

[7] *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 561; 840 NW2d 375 (2013) (emphasis omitted).

[8] Indeed, it appears that plaintiff did not discover that Camp Retreats had conveyed the Klam Road property to Tawheed until after entry of the consent judgment.

[9] MCL 600.6101 *et seq.*

[10] Emphasis added.

transfer of property to the judgment debtor; order satisfaction of the judgment out of nonexempt property; appoint a receiver of any property the judgment debtor may have or thereafter acquire; and make any order that "seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor." Our Court has recognized that a plaintiff who received a money judgment in a civil action, like plaintiff did here, may pursue relief under the UFTA against an asset fraudulently transferred by the judgment debtor in postjudgment supplementary collection proceedings in that action, even though the transferee was not a party to the original suit.[11] Accordingly, plaintiff could properly challenge the allegedly fraudulent conveyance of the Klam Road property under the UFTA to recover on its money judgment by initiating supplemental collection proceedings in that action. A separate action was not required.[12]

Of course, the supplemental proceedings, like any government action that may interfere with a protected interest, must comply with the protections guaranteed by procedural due process.[13] "Whether proceedings complied with a party's right to due process presents a question of constitutional law that [this Court] review[s] de novo."[14] Likewise, our review of the trial court's grant of plaintiff's motion for summary disposition is de novo.[15]

"The federal and state constitutions both guarantee that a person may not be deprived of life, liberty, or property without due process of law."[16] "Procedural due process serves as a limitation on government action and requires [the] government to institute safeguards in proceedings that affect those rights protected by due process, including life, liberty, or property."[17] "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker."[18] However, "[d]ue process is a flexible concept, the essence of which requires fundamental fairness."[19]

---

[11] See *Estes v Titus*, 273 Mich App 356, 382-385; 731 NW2d 119 (2006), vacated in part on other grounds, aff'd in part 481 Mich 573 (2008).

[12] *Estes*, 273 Mich App at 385.

[13] See *Thomas v Pogats*, 249 Mich App 718, 724; 644 NW2d 59 (2002).

[14] *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009).

[15] *Dillard v Schlussel*, 308 Mich App 429, 444; 865 NW2d 648 (2014).

[16] *In re Parole of Hill*, 298 Mich App 404, 412; 827 NW2d 407 (2012), citing US Const, Am XIV, Const 1963, art 1, § 17, and *Hanlon v Civil Serv Comm*, 253 Mich App 710, 722; 660 NW2d 74 (2003).

[17] *Thomas*, 249 Mich App at 724.

[18] *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995).

[19] *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

"A procedural due process analysis requires a dual inquiry: (1) whether a liberty or property interest exists which the state has interfered with, and (2) whether the procedures attendant upon the deprivation were constitutionally sufficient."[20] Accordingly, " '[w]hether the due process guarantee is applicable depends initially on the presence of a protected 'property' or 'liberty' interest.' "[21] At stake in this case is Tawheed's title to the Klam Road property, which Camp Retreats undisputedly conveyed via quit-claim deed to Tawheed, its parent corporation, after plaintiff filed its suit against Camp Retreats. A protected property interest includes title and ownership as well as dominion and control.[22] Thus, the trial court's action in setting aside the quit-claim deed conveying the Klam Road property from Camp Retreats to Tawheed clearly interfered with Tawheed's interest in the property and, in fact, deprived Tawheed of its title. Accordingly, Tawheed, as the title owner of the Klam Road property, was entitled to the due process protections of notice and the opportunity to be heard in a meaningful manner before the court could deprive it of its title in the property.

However, the same does not hold true for Rajabali. Rajabali is president of both Camp Retreats and Tawheed and executed the quit-claim deed transferring the Klam Road property from Camp Retreats to Tawheed. Plaintiff sought to have the quit-claim deed set aside or, alternatively, to have its judgment attach to Tawheed, as the transferee of the Klam Road property. Thus, it does not appear that Rajabali personally has a protected interest in the dispute such that he would be entitled to the protections of due process in the postjudgment proceedings.

To comport with the due process right to notice, interested parties must be apprised of the pendency of the action and afforded an opportunity to present their objections.[23] Here, the record reveals that Tawheed, despite its apparent status as a nonparty, was adequately apprised of the postjudgment supplemental proceedings and the nature thereof. Tawheed and Rajabali, its president, were served with a summons and complaint notifying them of plaintiff's supplementary proceedings, along with plaintiff's motion for supplemental proceedings detailing the factual allegations and documentary evidence supporting its claim for relief under the UFTA, and with plaintiff's motion for summary disposition. More importantly, they actually participated in the supplemental proceedings. They retained counsel to represent them, Rajabali submitted to a deposition regarding plaintiff's claim that the property was fraudulently conveyed, and they filed responses opposing plaintiff's motions on both procedural and substantive grounds. Given Tawheed's notice of and participation in the postjudgment proceedings, we conclude that Tawheed was sufficiently apprised of the proceedings and the nature thereof. Thus, despite Tawheed's apparent status as a "nonparty," it was not denied its due process right to notice.

---

[20] *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004), quoting *Jordan v Jarvis*, 200 Mich App 445, 448; 505 NW2d 279 (1993) (quotation marks omitted).

[21] *In re Parole of Hill*, 298 Mich App at 412, quoting *Hanlon,* 253 Mich App at 723.

[22] *Rassner v Fed Collateral Society, Inc*, 299 Mich 206, 213-214; 300 NW 45 (1941).

[23] *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 287-288; 831 NW2d 204 (2013).

However, despite Tawheed's response to plaintiff's motion, the trial court ultimately did not afford Tawheed any meaningful opportunity to be heard regarding the disposition of the disputed Klam Road property. Although "[t]he opportunity to be heard does not mean a full trial-like proceeding, . . . it does require a hearing to allow a party the chance to know and respond to the evidence."[24] Here, while the court held a hearing on plaintiff's motion for summary disposition regarding its claim for relief under the UFTA, at which Tawheed's attorney appeared, the court ultimately declined to consider Tawheed's response opposing the motion because of Tawheed's status as a "nonparty" to the action. The court, finding that Camp Retreats, the judgment debtor, did not file a response opposing the motion, then granted plaintiff's motion for summary disposition and entered an order setting aside the quit-claim deed conveying the Klam Road property to Tawheed. The entry of the order setting aside the conveyance clearly deprived Tawheed of its title in the property without giving Tawheed any meaningful opportunity to be heard on, or to respond to the evidence supporting, plaintiff's motion concerning the disposition of its property.[25] Accordingly, we hold that the trial court's action constituted an impermissible deprivation of Tawheed's property without affording Tawheed the due process protections guaranteed by the Constitution.

### III. JOINDER OF TAWHEED IN THE SUPPLEMENTARY PROCEEDINGS[26]

Finally, we also hold that the trial court was required to join Tawheed in the postjudgment supplementary collection proceedings in plaintiff's action. This Court in *Estes* instructed that MCL 600.6128—governing trying title to property involving a third-party claimant in supplementary collection proceedings—requires that the transferee of a purportedly fraudulent conveyance, like Tawheed, that possesses property in which the judgment debtor may have an interest, must be brought in and made a party.[27] MCL 600.6128 provides, in part:

> (1) Where it appears to the court that:
>
> (a) The judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person;

---

[24] *Cummings*, 210 Mich App at 253.

[25] We note that Tawheed set forth other, nonfraudulent reasons for Camp Retreats' conveyance of the property to Tawheed in its response opposing the motion.

[26] Appellants did not raise this specific issue in their statement of the question presented on appeal, MCR 7.212(C)(5), and thus, it has not been properly presented. *Estes*, 273 Mich App at 381. However, we address it because it is necessary to the proper resolution of the case and the record is factually sufficient. See *id.* at 381-382.

[27] See *id*. at 382-385.

(b) The judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person; or

(c) A third party is indebted to the judgment debtor, and the obligation of the third party to pay the judgment debtor is disputed; the court may, if the person or persons claiming adversely is a party to the proceeding, adjudicate the respective interests of the parties in such debt or real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor, or that the debt is owed the judgment debtor.

(2) If the person claiming adversely to the judgment debtor is not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for early hearing.

Accordingly, under MCL 600.6128, once the judgment creditor shows that the judgment debtor "may have" an interest in the property held by a nonparty, the court "shall by show cause order or otherwise" cause that nonparty to be "brought in and made a party" to the action.[28] We conclude that plaintiff made the requisite showing in this case.

Like in *Estes*, plaintiff stated and presented evidence of a justiciable claim asserting that the judgment debtor, Camp Retreats, fraudulently transferred the Klam Road property to Tawheed in violation of the UFTA by alleging several facts supporting the "badges of fraud" indicative of actual intent to defraud,[29] as well as a claim of constructive fraud.[30] Accordingly, a possibility clearly existed that Camp Retreats, the judgment debtor, "may still have an interest in, hold title to, own, or have a right to possess" the Klam Road property that it conveyed to Tawheed for the alleged purpose of defrauding plaintiff.[31] Additionally, plaintiff established that the judgment debtor, Camp Retreats, disclaimed any interest it had in the Klam Road property when the quit-claim deed conveying the property to Tawheed was executed. Tawheed disputed plaintiff's claims that Camp Retreats retained an interest in the property. According to Tawheed, Camp Retreats never had a legitimate interest in the property because the property was purchased with funds supplied by Tawheed, Camp Retreats was merely holding title to the property, Tawheed was the beneficial owner of the property, and the property was transferred by way of

---

[28] MCL 600.6128(1)(a) and (2). Here, the court initially complied with MCL 600.6128 by entering an appropriate show cause order. But despite Tawheed and Rajabali's timely objection to the court's order and plaintiff's motion, the court never determined whether Tawheed and Rajabali should be made parties to the action and, instead, treated them as nonparties for purposes of plaintiff's later dispositive motion.

[29] MCL 566.34(2).

[30] MCL 566.35(1).

[31] *Estes*, 273 Mich App at 383. See also MCL 600.6128(1)(a).

the challenged quit-claim deed merely to place the title in the proper owner and not to defraud plaintiff. Thus, Tawheed, as the transferee of an allegedly fraudulent conveyance, is a "person claiming adversely to the judgment debtor" under MCL 600.6128(2), i.e., "a nonparty claiming an interest in property superior to that of the judgment debtor and judgment creditor."[32]

Accordingly, plaintiff made the necessary showing under MCL 600.6128, and the trial court was required to make Tawheed a party to the postjudgment supplementary collection proceedings. As *Estes* explained, the joinder of the allegedly fraudulent transferee in a judgment debtor's supplementary collection proceedings under MCL 600.6128 is necessary to afford the transferee due process while litigating its and the creditor's interest in the disputed property.[33]

*Estes* further instructs that an alleged fraudulent transferee is a necessary party to the supplemental proceedings under MCR 2.205(A), governing the necessary joinder of parties,[34] to permit the trial court to render complete relief if the plaintiff's UFTA claim is successful.[35] Tawheed, as the title holder of the Klam Road property, clearly has an interest in the property such that a final decree cannot be made without affecting its interest, and thus, is a necessary party to plaintiff's supplemental proceedings seeking relief under the UFTA.

In light of the foregoing authority, we hold that to properly challenge the alleged fraudulent conveyance in plaintiff's postjudgment supplementary collection proceedings, Tawheed, as the transferee whose property interest is clearly at stake, must be made a party to the action, which would afford it due process in litigating the claims to the disputed property.

## IV. CONCLUSION

---

[32] *Estes*, 273 Mich App at 384.

[33] *Id*. at 385.

[34] MCR 2.205(A) provides, in pertinent part:

> Subject to the provisions of [other rules not applicable here], persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

[35] *Estes*, 273 Mich App at 385. See also *Mather Investors, LLC v Larson*, 271 Mich App 254, 257; 720 NW2d 575 (2006) ("A party is indispensable to a case if that party has an interest of such a nature that a final decree cannot be made without . . . affecting that interest . . . .") (quotation marks and citations omitted); Am Jur 2d, Fraudulent Conveyances and Transfers, § 162, p 706 ("The fraudulent grantee is a necessary party defendant in an action to set aside a conveyance as fraudulent since he or she has an interest in the subject matter of the suit which should not be affected by a decree unless he or she has been given the right to be heard.").

We hold that the trial court's action in entering the order setting aside the quit-claim deed conveying the Klam Road property from Camp Retreats to Tawheed, without considering Tawheed's response opposing plaintiff's UFTA claims, clearly denied Tawheed a meaningful opportunity to respond to the evidence, and thus, impermissibly deprived Tawheed of its title in the Klam Road property without due process. We further hold that, although plaintiff could properly pursue recovery of its judgment under the UFTA in supplementary proceedings, the trial court was required to join Tawheed as a party to the proceedings under MCL 600.6128 and MCR 2.205(A) before adjudicating plaintiff's and Tawheed's interest in the Klam Road property and entering an order depriving Tawheed of its title in the property.

We therefore vacate the trial court's order granting plaintiff's motion for summary disposition and setting aside the quit-claim deed conveying the Klam Road property from Camp Retreats to Tawheed, remand to the trial court for Tawheed to be properly added to the postjudgment proceedings as a defendant, and direct the trial court to conduct further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel

-10-