PEOPLE v VEZINA

Docket No. 179672. Submitted May 14, 1996, at Grand Rapids. Decided June 11, 1996, at 9:00 A.M. Leave to appeal sought.

Richard D. Vezina pleaded guilty in the 26th District Court, Richard L. Benedict, J., of operating a vehicle while under the influence of liquor (OUIL), conditioning the plea on the right to pursue an interlocutory appeal in the Grand Traverse Circuit Court of the district court's denial of his motion to quash. In the motion to quash, the defendant had argued that he should not be subjected to the enhanced sentence provision applicable to an OUIL violation occurring within seven years of a prior OUIL conviction because, although the offense in this case took place within seven years of his prior OUIL conviction, the conviction for this offense did not take place within seven years of the prior conviction. The circuit court, Philip E. Rogers, Jr., affirmed the district court's determination and remanded the matter to the district court for sentencing and imposition of licensing sanctions. The defendant appealed the circuit court's order by leave granted.

The Court of Appeals *held*:

1. At the time of the defendant's arrest and conviction, MCL 257.625(6)(b); MSA 9.2325(6)(b) provided that enhanced sentencing for a conviction of OUIL would apply if the violation occurred within seven years of a prior OUIL conviction. The Legislature's reference to a violation within seven years of a prior conviction evidences a clear intent that a violation is not synonymous with a conviction and that a violation refers to the offense and not to the judicial determination of the guilt of that offense. Accordingly, because the offense occurred within seven years of the prior OUIL conviction, the enhanced sentence provision of § 625(6)(b) is applicable.

2. At the time of the defendant's arrest and conviction, MCL 257.625b(5)(b)(iii); MSA 9.2325(2)(5)(b)(iii) provided that a court, on acceptance of a plea of guilty of OUIL, must consider all prior OUIL convictions entered on the defendant's Michigan driving record and, on finding one or more OUIL convictions within seven years, must order the Secretary of State to revoke the defendant's operator's license. The plain meaning of that provision is that the seven-year period is from the date of the conviction of the offense at

issue. Accordingly, because the present OUIL conviction occurred more than seven years after the prior OUIL conviction, neither the district court nor the Secretary of State had the authority to revoke the defendant's operator's license.

Affirmed in part and reversed in part.

*Peter H. Shumar*, for the defendant.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. Defendant conditionally pleaded guilty in the district court of operating a vehicle while under the influence of liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). He was sentenced to twenty-five days' incarceration and eighteen months' probation. The district court left the decision regarding revocation of defendant's operator's license with the Secretary of State. Defendant appeals by leave granted from the order of the Grand Traverse Circuit Court affirming the district court's denial of his motion to quash. We affirm in part and reverse in part.

Defendant had been convicted of OUIL on August 7, 1986. On July 18, 1993, defendant was arrested and charged with OUIL. Defendant entered a plea of guilty of OUIL on September 20, 1993, conditioned on his right to appeal the district court's determination that he was subject to enhanced penalties and licensing sanctions for that offense. Following the unsuccessful interlocutory appeal in the circuit court, defendant was sentenced on November 3, 1994, under the sentence enhancement provision of MCL 257.625(6)(b); MSA 9.2325(6)(b)[1], and the license revocation provi-

---

[1] After its amendment by 1991 PA 98, effective July 31, 1991, but before its amendment by 1994 PA 211, effective November 1, 1994.

sion of MCL 257.625b(5)(b)(iii); MSA 9.2325(2)(5)(b)
(iii).[2]

I

At the time of defendant's arrest and conviction,
MCL 257.625(6); MSA 9.2325(6) provided in pertinent
part:

> If a person is convicted of violating subsection (1), the
> following shall apply:
>
> *      *      *
>
> (b) If the violation occurs within 7 years of a prior con-
> viction, the person shall be sentenced to both a fine of not
> less than $200.00 or more than $1,000.00 and either of the
> following:
>
> Performing service to the community for a period of not
> less than 10 days or more than 90 days and may be impris-
> oned for not more than 1 year.
>
> Imprisonment for not less than 48 consecutive hours or
> more than 1 year, and may be sentenced to service to the
> community for a period of not more than 90 days.

At issue in this case is the meaning of the word
"violation." Defendant contends that the word "viola-
tion" is synonymous with the word "conviction" and
that the Legislature's intent was to enhance a sen-
tence when a conviction occurs within seven years of
a prior conviction.

The primary goal of statutory construction is to
find and give effect to the Legislature's intent. *People
v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994).
To ascertain that intent, this Court must first turn to

---

[2] After its amendment by 1991 PA 93, effective July 31, 1991, but before
its amendment by 1994 PA 211, effective November 1, 1994. See now MCL
257.625b(6)(b)(iii); MSA 9.2325(2)(6)(b)(iii).

the language contained within the challenged statutory provision. *People v Williams*, 205 Mich App 229, 232-233; 517 NW2d 315 (1994). If the language is clear and unambiguous, statutory construction by this Court is precluded. *People v Armstrong*, 212 Mich App 121, 123; 536 NW2d 789 (1995).

In the present case, the statute is clear and unambiguous, but "violation" is not defined. Where a statute does not define one of its terms it is customary to look to the dictionary for a definition. See *Energetics, Ltd v Whitmill*, 442 Mich 38, 45; 497 NW2d 497 (1993). *Random House Webster's College Dictionary* defines "violation" as:

> 1. the act of violating or the state of being violated. 2. a breach or infringement, as of a law or promise. 3. a sexual assault. 4. desecration; profanation. 5. a distortion of meaning or fact.

Review of this common definition clearly indicates the plain meaning of the statute is that a sentence for an OUIL conviction must be enhanced if the OUIL statute was violated within seven years of a prior OUIL conviction. Consequently, the law must be applied as written. *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994). Because defendant committed the present OUIL offense within seven years of a prior OUIL conviction, the trial court correctly enhanced defendant's sentence under § 625(6)(b).

II

At the time of defendant's arrest and conviction, MCL 257.625b(5)(b)(iii); MSA 9.2325(2)(5)(b)(iii) provided:

*Immediately upon acceptance by the court of a plea of guilty* or nolo contendere or upon entry of a verdict of guilty for a violation of section 625(1), (3), (4), or (5) or a local ordinance substantially corresponding to section 625(1) or (3), whether or not the person is eligible to be sentenced as a multiple offender, *the court shall consider all prior convictions currently entered upon the Michigan driving record of the person,* except those convictions which upon motion by the defendant, are determined by the court to be constitutionally invalid, and shall impose the following sanctions:

\*     \*     \*

For a *conviction* under section 625(1) or a local ordinance substantially corresponding to section 625(1):

\*     \*     \*

If the court finds that the person *has 1 or more prior convictions within 7 years* for a violation of section 625(1) . . . , the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person and shall not order the secretary of state to issue a restricted license to the person. [Emphasis added.]

The glossary for the Vehicle Code defines conviction as

a final conviction, the payment of a fine, a plea of guilty or nolo contendere if accepted by the court, or a finding of guilt or probate court order of disposition of a child found to be within the provisions of chapter XIIA of Act No. 288 of the Public Acts of 1939, being sections 712A.1 to 712A.28 of the Michigan Compiled Laws, on a traffic law violation charge, regardless of whether the penalty is rebated or suspended. [MCL 257.8a; MSA 9.1808(1).³]

---

³ After its amendment by 1991 PA 99, effective January 1, 1992, but before its amendment by 1994 PA 449, effective May 1, 1995.

The term "conviction" must be applied as expressly defined. *People v Chupp*, 200 Mich App 45, 49; 503 NW2d 698 (1993). Thus, the plain meaning of the statute is that when a defendant pleads guilty of OUIL and stands convicted of that offense, the trial court must look to all the defendant's prior convictions to determine whether any occurred within seven years of the date upon which defendant was convicted, and, if there is a prior conviction for OUIL within that seven-year period, the trial court must order the Secretary of State to revoke the defendant's operator's license. This interpretation is consistent with MCL 257.303(2)(c); MSA 9.2003(2)(c), which mandates that the Secretary of State revoke a person's operator's license if the person's driving record contains two OUIL *convictions* within a seven-year period.

Here, there is no dispute that defendant's first conviction occurred on August 7, 1986, and that the present conviction occurred on September 20, 1993. Under these facts, neither the trial court nor the Secretary of State had authority to revoke defendant's operator's license.

Affirmed in part and reversed in part.