# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOEL MARTIN SELMAN,

       Defendant-Appellant.

UNPUBLISHED
March 1, 2018

No. 333484
Oakland Circuit Court
LC No. 2012-243580-FH

---

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right his conviction after a jury trial of one count of delivery or manufacture of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant was sentenced to three days in jail with credit for three days served, and a six-month suspension of his driver's license, plus costs and fines. We affirm.

## FACTS

On August 6, 2010, police received information that marijuana was being grown at defendant's home. When police arrived at the home, they noticed that four marijuana plants on the back deck of the home were visible from the street. When they knocked on the door, defendant, the owner of the home, confirmed that he was growing marijuana. Defendant allowed the officers to enter his home. The police found the four marijuana plants on the back deck and found 14 other marijuana plants in a grow room in the home. Defendant stated that he had moved the four plants from the grow room to the deck only to treat them with a chemical to eradicate spider mites, and that he intended to return them to the grow room when the chemical dried. The police confiscated the four marijuana plants found on the back deck of the home.

Defendant was charged with delivery or manufacture of marijuana, contrary to MCL 333.7401(2)(d)(*iii*). Defendant moved to dismiss the charge asserting immunity from prosecution pursuant to Section 4 of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, and also asserting an affirmative defense under Section 8 of the MMMA. The trial court held an evidentiary hearing on the motion, at the conclusion of which the trial court denied defendant's motion to dismiss under Section 4, but held that defendant had presented sufficient evidence to entitle defendant at trial to present an affirmative defense under Section 8. The trial court found that defendant had met the requirements of Section 8(a)(1) and 8(a)(3), and

-1-

had presented enough evidence that there was a question of fact for the jury regarding whether defendant had met the burden of proof on Section 8(a)(2).

The prosecution sought an interlocutory appeal to this Court from the trial court's order permitting defendant to present a Section 8 defense. This Court denied the prosecutor's application for leave to appeal "for failure to persuade the Court of the need for immediate appellate review."[1] Our Supreme Court thereafter held in abeyance the prosecutor's application for leave to appeal to that Court,[2] pending the Court's decision in the two cases consolidated in *People v Hartwick*, 498 Mich 192; 870 NW2d 37 (2015). After the opinion in *Hartwick* was issued, our Supreme Court entered an order in this case stating:

> Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the trial court's ruling that allows the defendant to present at trial his § 8 affirmative defense under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. Because the defendant failed to present prima facie evidence of each element of § 8(a), the defendant is not entitled to present a § 8 defense at trial. [*People v*] *Hartwick*, 498 Mich [192, 203; 870 NW2d 37 (2015)]. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with *Hartwick* or this order.[3]

On remand, defendant obtained new counsel and thereafter filed a motion to dismiss pursuant to Section 4 of the MMMA, asserting that defendant had complied with the requirements of Section 4 and was therefore entitled to immunity from prosecution. Defendant also moved to reopen the proofs regarding defendant's entitlement to assert a Section 8 defense at trial. The trial court denied defendant's motion for dismissal on the grounds of immunity under Section 4, and further denied defendant's motion seeking to present an affirmative defense at trial under Section 8, reasoning that the Michigan Supreme Court had disagreed with its previous determination that defendant was entitled to assert a Section 8 defense at trial. The trial court also granted the prosecutor's motion to preclude defendant from presenting evidence at trial referencing the MMMA, a mistake of law, a medical purpose for the marijuana at issue, or the political debate about legalization of marijuana. At the conclusion of trial, defendant was convicted of delivery or manufacture of marijuana.

---

[1] *People v Selman*, unpublished order of the Court of Appeals, entered July 18, 2013 (Docket No. 316389).

[2] *People v Selman*, __ Mich __; 846 NW2d 919 (2014).

[3] *People v Selman*, 498 Mich 953; 872 NW2d 487 (2015).

DISCUSSION

I. SECTION 4 IMMUNITY

On appeal, defendant first argues that the trial court erred in concluding that he was not entitled to Section 4 immunity under the MMMA and denying his motion to dismiss on that basis. We disagree.

This Court reviews a trial court's decision on a motion to dismiss for an abuse of discretion, which occurs when a decision "falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). A trial court's factual findings regarding immunity under Section 4 of the MMMA are reviewed for clear error, and questions of law surrounding a Section 4 immunity determination are reviewed de novo. *Hartwick*, 498 Mich at 201. "A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012) (citation and quotation marks omitted). This Court also reviews de novo questions of statutory interpretation. *People v Redden*, 290 Mich App 65, 76-77; 799 NW2d 184 (2010).

Section 4 of the MMMA, MCL 333.26424, provides "broad immunity from criminal prosecution, civil penalties, and disciplinary actions" to "qualifying patients" and "primary caregivers" engaged in "the medical use of marijuana." *People v Kolanek*, 491 Mich 382, 394-396; 817 NW2d 528 (2012), quoting MCL 333.26424(a). A defendant seeking to establish entitlement to Section 4 immunity as a qualifying patient must show, by a preponderance of the evidence, that "at the time of the charged offense" he or she (1) possessed a valid registry identification card, (2) complied with the requisite volume limitations, (3) kept the marijuana plants at issue in an enclosed, locked facility, and (4) was engaged in the medical use of marijuana. *Hartwick*, 498 Mich at 221. In this case, it is undisputed that defendant possessed a valid registry card, did not possess marijuana in excess of the relevant volume limits, and was engaged in the medical use of marijuana. The only challenge to defendant's immunity under Section 4 is whether defendant "kept" his marijuana plants in an "enclosed, locked facility," given that police seized four marijuana plants from the deck attached to his home.

"[B]ecause the MMMA was the result of a voter initiative, our goal is to ascertain and give effect to the intent of the electorate, rather than the Legislature, as reflected in the language of the law itself." *Kolanek*, 491 Mich at 397. "When construing the MMMA, we must assign the words of the statute their plain and ordinary meaning, as the electorate would have understood them." *People v Manuel*, 319 Mich App 291, 299; 901 NW2d 118 (2017), citing *Kolanek*, 491 Mich at 397. "Kept" is not defined by the MMMA. In interpreting the MMMA, courts "presume that the meaning as plainly expressed in the statute is what was intended," *Redden*, 290 Mich App at 76, and "must construe the statute according to the common and approved usage of the language." *People v Seeburger*, 225 Mich App 385, 392; 571 NW2d 724 (1997) (citation omitted). "Reference to dictionary definitions is appropriate in construing the language," *id.*, and this Court "consult[s] a lay dictionary when defining common words or phrases that lack a unique legal meaning . . . because the common and approved usage of a nonlegal term is most likely to be found in a standard dictionary, not in a legal dictionary," *People v Thompson*, 477 Mich 146, 151-152; 730 NW2d 708 (2007).

The *Merriam Webster's Collegiate Dictionary* (2014) defines "kept" as the "past and [past participle] of keep." "Keep" is defined by the *Merriam Webster's Collegiate Dictionary* (2014), in numerous ways, including "to preserve and maintain as," "to cause to remain in a given place, situation, or condition," and "to have or maintain in an established position or relationship." In a somewhat similar context, our Supreme Court previously recognized that the word "keep" contains an element of continuity. *Thompson*, 477 Mich at 154. Reasoning by analogy, the plain and ordinary meaning of the word "kept" in this context requires that the marijuana be contained and remain in an enclosed, locked facility continuously. That meaning is consistent with the condition expressed by our Supreme Court that "a qualifying patient or primary caregiver whose marijuana plants are not kept in an enclosed, locked facility *at the time of the charged offense* cannot satisfy the third element and cannot receive immunity for the charged offense." *Hartwick*, 498 Mich at 219 (emphasis added). Thus, based on a plain reading of the statute, the trial court did not clearly err in concluding that when defendant moved the four marijuana plants to his deck, they were not "kept" in an enclosed, locked facility as required by Section 4, and he thereby failed to establish entitlement to Section 4 immunity.[4]

Defendant also argues that even if this Court determines that he failed to keep his plants in the enclosed, locked grow room in his home, he still complied with Section 4's requirements because his deck constituted an "enclosed, locked facility." At the time defendant was charged, "enclosed, locked facility" was defined by the MMMA as "a closet, room, or other enclosed area equipped with secured locks or other security devices that permit access only by a registered primary caregiver or registered qualifying patient." MCL 333.26423(d). To qualify as an "enclosed, locked facility," our Supreme Court has determined that the facility "must be such that it allows only one person to possess the marijuana plants enclosed therein—'either the registered qualifying patient himself or herself, . . . or the qualifying patient's registered primary caregiver' " *Bylsma*, 493 Mich at 35 (citation omitted). Here, the evidence at trial demonstrated that defendant's deck was enclosed on four sides, raised from the ground, surrounded by wooden slats, and attached to his home via a sliding glass door. According to defendant's testimony, the deck was equipped with two locks; one on the sliding glass door and one on the metal latch to the deck. The deck, however, even when locked, was easily accessible to the general public as the wooden slats surrounding three sides were low to the ground and the deck's lack of a roof made accessing the deck as simple as climbing over the wooden slat railing. Thus, because

---

[4] In *Manuel*, 319 Mich at 304-305, we held that the trial court did not clearly err in determining that the defendant in that case was entitled to immunity from prosecution under Section 4, even though police discovered marijuana plants outside of the defendant's enclosed, locked facility. In that case, the plants had just been delivered to the defendant who was in the process of transporting the plants from the enclosed, locked facility of a vehicle to the enclosed, locked facility in the defendant's home. We concluded that because the MMMA defines the medical use of marijuana to include "transportation" of the marijuana, there must necessarily exist a window of time in which a qualifying patient or primary caregiver could move the plants from one enclosed, locked facility to another. Unlike the facts of *Manuel*, in this case the plants had been removed from the enclosed, locked facility and were on the open deck of the home awaiting an eventual return to the enclosed, locked facility.

defendant's deck was not accessible only by defendant, it did not qualify as an "enclosed, locked facility" under the definition at the time defendant was charged.

## II.  SECTION 8 AFFIRMATIVE DEFENSE

Defendant also argues that the trial court erred by denying his motion to reopen the proofs regarding his entitlement to assert a Section 8 defense at trial.  We disagree.

A trial court's decision to hold an evidentiary hearing regarding whether a defendant is entitled to assert an affirmative defense under Section 8 of the MMMA is reviewed for an abuse of discretion.  *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008).  Section 8 of the MMMA, MCL 333.26428, provides medical marijuana patients an affirmative defense to charges involving marijuana for medical use.  In *Kolanek*, 491 Mich at 412-413, our Supreme Court delineated the procedure by which a trial court is to consider a motion to dismiss based on a defendant's assertion of a Section 8 defense:

> [I]f a defendant raises a § 8 defense, there are no material questions of fact, and the defendant shows the elements listed in subsection (a), then the defendant is entitled to dismissal of the charges following the evidentiary hearing. Alternatively, if a defendant establishes a prima facie case for this affirmative defense by presenting evidence on all the elements listed in subsection (a) but material questions of fact exist, then dismissal of the charges is not appropriate and the defense must be submitted to the jury. . . . Finally, if there are no material questions of fact and the defendant has not shown the elements listed in subsection (a), the defendant is not entitled to dismissal of the charges and the defendant cannot assert § 8(a) as a defense at trial.  A trial judge must preclude from the jury's consideration evidence that is legally insufficient to support the § 8 defense because, in this instance, no reasonable juror could conclude that the defendant satisfied the elements of the defense.  [Citations and quotation marks omitted.]

"[T]o establish the elements of the affirmative defense in § 8, a defendant need not establish the elements of § 4."  *Kolanek*, 491 Mich at 403.  Instead, a defendant may assert a Section 8 affirmative defense if the defendant presents evidence of the following three elements:

> (1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

> (2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical

condition or symptoms of the patient's serious or debilitating medical condition; and

> (3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition. [MCL 333.26428.]

Our Supreme Court in *Hartwick* reaffirmed that "a defendant must present prima facie evidence of each element of § 8(a) in order to be entitled to present a § 8 affirmative defense to a fact-finder" and held that "if the defendant meets this burden, then the defendant must prove each element of § 8(a) by a preponderance of the evidence" and that "a valid registry identification card does not establish any presumption under § 8." *Hartwick*, 498 Mich at 203.

In this case, after the evidentiary hearing, the trial court found that defendant had presented prima facie evidence regarding Sections 8(a)(1) and (a)(3), but determined that a question of fact remained under Section 8(a)(2) regarding whether defendant presented evidence from which a reasonable jury could conclude that he possessed a quantity of marijuana that was not more than was reasonably necessary. The trial court concluded that the affirmative defense therefore could be presented to the jury. However, our Supreme Court found that defendant had "failed to present prima facie evidence of each element of § 8(a)" and therefore concluded that "the defendant is not entitled to present a § 8 defense at trial." *Selman*, 498 Mich 953. Our Supreme Court's conclusion in this regard constitutes the law of the case and is therefore binding on the trial court and on this Court. See *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994) ("[A]n appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case.") Because our Supreme Court determined that defendant did not establish prima facie evidence of each element of the Section 8 defense at his evidentiary hearing, the trial court did not err in declining to reopen the proofs on that issue.

### III. EVIDENCE OF MEDICAL MARIJUANA USE

Finally,[5] defendant argues that the trial court erred in granting the prosecution's motion to preclude mention of medical marijuana at trial, that the preclusion of evidence violated his

---

[5] Defendant also asserts that "his previous attorney did not provide the trial court with prima facie evidence of each Section 8 element" and implies this failure constituted ineffective assistance of counsel. To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). While defendant mentioned in the trial court his belief that his prior attorney's performance was somehow insufficient, defendant never moved for a new trial or requested a hearing in the trial court. Thus, this issue is unpreserved. Further, this issue was not properly presented for appeal because it was not raised in the statement of

constitutional right to present a defense, and that the trial court erred in failing to include subparagraph (6) of the CJI 12.1 jury instruction. Again, we disagree.

Generally, a trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). " 'An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes.' " *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013) (citation omitted). Whether the exclusion of evidence violated a defendant's right to present a defense is a constitutional question that is reviewed de novo by this Court. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). "A criminal defendant has a state and federal constitutional right to present a defense." *Id*. at 326, citing US Const, Ams VI, XIV; Const 1963, art 1, § 13. "Few rights are more fundamental than that of an accused to present evidence in his . . . own defense," but "an accused's right to present evidence in his defense is not absolute" and "[a] defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Unger*, 278 Mich App at 249-250. A defendant's right to present a defense only extends to evidence that is "relevant and admissible." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016) (citation omitted).

Relevant evidence is generally admissible. MRE 402; *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. A court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. The judgment of whether the probative value of the evidence is substantially outweighed by its prejudicial effect is best left to the trial court's consideration of the evidence. *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009).

The MMMA only permits "a limited class of individuals" to use marijuana for medical purposes and "does not create a general right for individuals to use and possess marijuana in Michigan." *Kolanek*, 491 Mich at 393-394. Only persons who comply with the requirements of the MMMA are protected from prosecution or entitled to assert an affirmative defense to charges brought against them. See *People v Bylsma*, 315 Mich App 363, 376-377; 889 NW2d 729 (2016). Because defendant did not comply with the requirements of Section 4 or Section 8 of the MMMA, his registration card, medical condition, and purported medical use of the marijuana did not provide him with immunity or a defense to prosecution and were, therefore, not relevant to the issues at trial. See *Kolanek*, 491 Mich at 412-413 ("A trial judge must preclude from the jury's consideration evidence that is legally insufficient to support the § 8 defense," because

---

questions presented in defendant's brief on appeal. MCR 7.212(C)(5). In addition, defendant's ineffective assistance argument is only addressed in passing in the body of defendant's brief without citation to relevant authority to support his position. A party may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. Defendant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).

"[t]o allow submission of the defense to the jury when the defense fails as a matter of law would unnecessarily burden the jury and the circuit court with irrelevant testimony.") Moreover, had evidence of defendant's alleged need to use marijuana for medical purposes been presented to the jury, its probative value would have been substantially outweighed by the risk of confusing the issues at trial and misleading the jury. Accordingly, the trial court properly excluded the evidence of defendant's medical condition and medical marijuana card from trial, and defendant's right to present a defense was not violated as that right merely yielded to the rules of evidence.

We further conclude that the trial court did not err in declining to give the jury CJI 12.1(6). This Court reviews "jury instructions in their entirety to determine if error requiring reversal occurred." *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). "Even if the instructions are somewhat imperfect, reversal is not required as long as they fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id*. "The instructions must include all elements of the crime charged and must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence." *Kurr*, 253 Mich App at 327. " 'A defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense.' " *People v Guajardo*, 300 Mich App 26, 34-35,; 832 NW2d 409 (2013) (citation omitted).

To convict a defendant of the unlawful manufacture of marijuana, the prosecution must prove that (1) the defendant manufactured a controlled substance, (2) the manufactured substance was marijuana, and (3) the defendant knew that he was manufacturing marijuana. MCL 333.7401(2)(d)(*iii*). Thus, the crime of manufacturing marijuana only requires that the defendant knew he was manufacturing marijuana, and defendant testified at trial that the marijuana plants growing on his deck were his. Jury instruction CJI 2d 12.1 instructs:

(1) The defendant is charged with the crime of illegally manufacturing [(state weight) of a mixture containing a controlled substance, _____. Manufacturing means producing or processing a controlled substance. It is alleged in this case that the defendant manufactured _____ by [list specific acts]. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant manufactured a controlled substance.

(3) Second, that the substance manufactured was _____.

(4) Third, that the defendant knew [he / she] was manufacturing _____.

[(5) Fourth, that the substance was in a mixture that weighed (state weight).]

[(6) Fifth, that the defendant was not legally authorized to manufacture this substance.]

[(7) Sixth, that the defendant was not (preparing / compounding) this substance for (his / her) own use.]

The use note for paragraph (6) directs that the "paragraph should be given only when the defense has presented some competent evidence beyond a mere assertion that the defendant was authorized to possess the substance. "The possession, manufacture, use, creation, and delivery of marijuana remain illegal in this state, even after the enactment of the MMMA. " *People v Ventura*, 316 Mich App 671, 677; 894 NW2d 108 (2016) (citation omitted). Because defendant did not comply with Section 4 or Section 8 of the MMMA, his medical marijuana registration card did not authorize him to possess marijuana, and the trial court did not err in refusing to include subparagraph (6) in jury instruction CJI 2d 12.1.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola