# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRYAN PATRICK ANDERSON,

Defendant-Appellant.

UNPUBLISHED
July 17, 2018

No. 338002
St. Clair Circuit Court
LC No. 16-001236-FH

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and maintaining a drug house, MCL 333.7405(1)(d). The trial court sentenced him to 19 months to 20 years' imprisonment for the former conviction and 13 months to 2 years' imprisonment for the latter. Defendant appeals by delayed leave granted.[1] We vacate defendant's sentences and remand for resentencing.

Because defendant does not challenge his guilty plea or the factual basis for that plea, and we granted leave to appeal only regarding sentencing, we will forgo a recitation of the facts underlying defendant's convictions. Defendant's sole argument on appeal is that the trial court erred by assessing 10 points for Offense Variable (OV) 15, and that defendant's guidelines minimum sentencing range was therefore errantly established at 19 to 38 months' imprisonment (rather than 10 to 23 months).[2]

---

[1] *People v Anderson*, unpublished order of the Court of Appeals, entered June 23, 2017 (Docket No. 338002).

[2] At sentencing, defendant's counsel stated that defendant and the prosecution had agreed upon a score of 5 points for OV 15 as part of their plea negotiations. The prosecution stated at sentencing that the prosecutor who had negotiated the plea agreement had no objection to a score of 5 points for OV 15, and left it to "the ultimate discretion of the Court." In his brief on appeal, defendant admits that "a case could be made out for the scoring of 5 points" and generally argues that his score should be reduced to 5 points, although he also states at one point that the

-1-

## II. STANDARD OF REVIEW

"Issues involving 'the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.*, . . . are legal questions that this Court reviews de novo.' " *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016), citing *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "[F]actual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), citing *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

## III. ANALYSIS

Defendant argues that the trial court erred by assessing 10 points for OV 15, because his conviction under MCL 333.7401(2)(a)(*iv*) does not permit such a score. We agree.

Defendant's sentencing offense was possession with intent to deliver less than 50 grams of cocaine. MCL 333.7401 provides in relevant part:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(*iv*) and:

(*i*) Which is in an amount of 1,000 grams or more of any mixture containing that substance is guilty of a felony punishable by imprisonment for life or any term of years or a fine of not more than $1,000,000.00, or both.

(*ii*) Which is in an amount of 450 grams or more, but less than 1,000 grams, of any mixture containing that substance is guilty of a felony and punishable by imprisonment for not more than 30 years or a fine of not more than $500,000.00, or both.

---

appropriate score for OV 15 is zero. Because either a score of zero or 5 points would alter defendant's guidelines range, we remand for the trial court to determine an appropriate score.

(*iii*) Which is in an amount of 50 grams or more, but less than 450 grams, of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $250,000.00, or both.

(*iv*) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both. [MCL 333.7401(1) and (2).]

OV 15 in turn involves "aggravated controlled substance offenses." MCL 777.45(1). The underlying sentencing statute provides in relevant part for the assessment of points as follows:

(g) The offense is a violation of section 7401(2)(a)(*i*) to (*iii*) pertaining to a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(*iv*) and was committed in a minor's abode, settled home, or domicile, regardless of whether the minor was present……………………………………………………………...10 points

(h) The offense involved the delivery or possession with intent to deliver marihuana or any other controlled substance or a counterfeit controlled substance or possession of controlled substances or counterfeit controlled substances having a value or under such circumstances as to indicate trafficking…………………………………………………………………5 points

(i) The offense was not an offense described in subdivisions (a) through (h)………………………………………………………………………0 points
[MCL 777.45(1)(g)-(i).]

"[O]ur goal in interpreting a statute 'is to ascertain and give effect to the intent of the Legislature. The touchstone of legislative intent is the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statue as written.' " *Hardy*, 494 Mich at 439, quoting *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). Defendant argues that because he pleaded guilty to violating MCL 333.7401(2)(a)(*iv*), the portion of the sentencing statute providing for a scoring of 10 points—MCL 775.41(1)(g)—could not have applied to his conviction. We agree. MCL 775.41(1)(g) plainly and unambiguously limits the assessment of 10 points to violations of MCL 333.7401(2)(a)(*i*), (*ii*), or (*iii*).

The prosecution contends that interpreting MCL 777.45(1)(g) to not apply to convictions under MCL 333.7401(2)(a)(*iv*) renders portions of the sentencing statute nugatory. But the canons of construction cannot outweigh the plain language of the statute:

"[C]anons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means

and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." [*People v Pinkney*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket No. 154374); slip op at 24 n 63, quoting *Connecticut Nat'l Bank v Germain*, 503 US 249, 253-254; 112 S Ct 1146; 117 L Ed 2d 391 (1992).]

Here, the language of the statutes at issue is clear and unambiguous, and judicial construction is therefore not permitted. See *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009); see also *People v Perry*, 317 Mich App 589, 604; 895 NW2d 216 (2016) (" 'If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted.' "), quoting *People v Giovannini*, 271 Mich App 409, 412-413; 722 NW2d 237 (2006). Any remedy for unanticipated or unintended consequences of unambiguous statutory language lies with the Legislature, not this Court. See *People v Seeburger*, 225 Mich App 385, 396; 571 NW2d 724 (1997).

The trial court erred by assessing 10 points for OV 15. Because the assessment of either 5 or zero points for OV 15, see MCL 777.45(h), (i), would have altered defendant's guidelines minimum sentence range, resentencing is required. See *People v Francisco*, 474 Mich 82, 90-91; 711 NW2d 44 (2006).

We vacate defendant's sentences and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra