BARR v FARM BUREAU GENERAL INSURANCE COMPANY

Docket No. 293737. Submitted February 4, 2011, at Detroit. Decided February 15, 2011. Approved for publication April 26, 2011, at 9:25 a.m.

Terrance Barr brought an action in the Genesee Circuit Court against Farm Bureau General Insurance Company seeking damages for breach of contract. The suit arose as a result of a residential fire at a home insured under a policy issued by defendant. Despite tests by the state police that were negative for accelerants, defendant maintained that plaintiff was involved in setting the fire and offered the testimony of an expert witness to that effect. The court, Archie L. Hayman, J., admitted the expert's testimony, and the jury returned a verdict of no cause of action. Plaintiff appealed.

The Court of Appeals held:

Plaintiff challenged the methodology used by defendant's expert to reach his conclusions. Plaintiff argued that the expert's methodology deviated from guidelines issued by the National Fire Protection Association that stated that an investigator should not rely solely on visual interpretation of an irregular fire pattern when classifying a fire as incendiary. The expert witness, however, justified the deviation between his methodology and that recommended by the guidelines. In addition, the expert's testimony demonstrated that his opinion regarding the origin of the fire was not based solely on visual interpretation. Thus, the trial court properly performed its gatekeeper function in assessing the proposed evidence and did not abuse its discretion by admitting the expert's testimony.

Affirmed.

*Richard E. Shaw* for plaintiff.

*Yeager, Davison & Day, P.C.* (by *Phillip K. Yeager*), for defendant.

Before: WHITBECK, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order of no cause of action entered pursuant to a jury verdict on plaintiff's action for fire insurance proceeds. We affirm.

Plaintiff brought this suit in August 2007, seeking damages for breach of contract. In February 2007, plaintiff, his girlfriend, and his friend escaped from a fire in plaintiff's home in Flint. Plaintiff had purchased the home and made payments to the mortgage company until the previous spring. The home was insured under a homeowner's and fire insurance policy with defendant. The home was in foreclosure, and plaintiff did not anticipate being able to pay the redemption amount because he had been out of work for some time and owed large sums for child support. After the fire, plaintiff's friend lived in the damaged home for several weeks. A sample taken at the scene by the Flint police was analyzed by the state police and tested negative for accelerants. Defendant nonetheless denied plaintiff's claim, suspecting that plaintiff had a "guilty connection" to the fire. After a four-day trial, the jury found this to be true and returned a verdict of no cause of action.

The only issue on appeal is the admissibility of the testimony of Lewis Draper. Draper was called by defendant as an expert in the cause and origin of fires. On the morning of trial, plaintiff filed a motion in limine to exclude Draper's testimony. After reviewing Draper's deposition taken five days previously, the trial court concluded that the testimony was admissible under MRE 702 and *Daubert v Merrell Dow Pharm, Inc*, 509 US 579, 593-594; 113 S Ct 2786; 125 L Ed 2d 469 (1993). MRE 702 provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to

understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

MCL 600.2955(1) provides additional standards that the court must examine in determining the admissibility of expert testimony.

On appeal, we review a trial court's ruling admitting or excluding expert testimony for an abuse of discretion. *Mulholland v DEC Int'l Corp*, 432 Mich 395, 402; 443 NW2d 340 (1989); *Clerc v Chippewa Co War Mem Hosp*, 267 Mich App 597, 601; 705 NW2d 703 (2005). An abuse of discretion occurs when the court's ruling is outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Under MRE 103(a)(1), error may not be predicated on a ruling admitting or excluding evidence unless a substantial right is affected. A close evidentiary ruling ordinarily cannot be an abuse of discretion. *Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 729; 761 NW2d 454 (2008); *Lewis v LeGrow*, 258 Mich App 175, 200; 670 NW2d 675 (2003).

We conclude that the trial court did not abuse its discretion by admitting Draper's testimony. A former detective sergeant in the Michigan State Police Fire Marshal Division, Draper had investigated about 2000 fires and testified as an expert 115 times. Plaintiff's main criticism was of Draper's methodology, which allegedly deviated from a set of guidelines known as NFPA 921, which was issued by the National Fire Protection Association. This guide states that samples should be taken to confirm the presence of an ignitable

liquid and that the investigator should not rely solely on visual interpretation of an irregular fire pattern to term a fire incendiary because such patterns may have other causes. NFPA 921, § 6.17.8.2.2 to 6.17.8.2.5. However, NFPA 921 also states in § 1.3 that deviations from its procedures are not necessarily wrong, but need to be justified.

Draper's testimony showed that he did not rely on visual interpretation alone. He used the scientific method, consistently with NFPA 921, to examine the structure and pinpoint the origin of the fire as a rear bedroom occupied by plaintiff and his girlfriend. Draper eliminated other causes, such as the electrical system. He did not take samples because he was not called to investigate until three weeks after the fire. In the meantime, the scene had been disturbed by public safety officials, an insurance adjuster, plaintiff, and plaintiff's friend who continued to live there. Draper testified that the fire burned out of the bedroom and into the hallway, charring through several layers of flooring and melting an aluminum strip between the bedroom and the hall. Temperatures of 1200 degrees Fahrenheit would have been required to melt the aluminum strip in this manner, and this would not have occurred in the absence of an accelerant. Further, Draper testified that plaintiff's only suggestion regarding the cause of the fire, the tipping of a candle to ignite the carpet, was very unlikely and would not have accounted for the damage observed. Draper testified that several situations mentioned in NFPA 921 in which burn patterns might "mimic" those of ignitable liquids, such as "flashover" or whole-room involvement, were not present here.

The trial court did not abuse its discretion by admitting Draper's testimony. The court properly applied the

tests of reliability in MRE 702, MCL 600.2955, and *Daubert* and adequately performed its "gatekeeper" function in assessing the proposed expert testimony. Draper explained how and why his methodology deviated from NFPA 921, and the court had sufficient basis to determine that his opinion testimony was admissible under MRE 702.

Affirmed.

WHITBECK, P.J., and O'CONNELL and WILDER, JJ., concurred.