*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VALERIE ZAVALA, Individually and as Next
Friend and Guardian for AZ, a legally incapacitated
person, and protected person,

        Plaintiff-Appellant,

v

TRINITY INC.,

        Defendant-Appellee,

and

UNIDENTIFIED DRIVER OF TRINITY CAB
COMPANY, TRINITY CAB COMPANY'S
UNIDENTIFIED NO-FAULT INSURANCE
CARRIER, and MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, also
known as MICHIGAN ASSIGNED CLAIMS PLAN,

        Defendants.

UNPUBLISHED
February 14, 2025
10:48 AM

No. 365768
Wayne Circuit Court
LC No. 18-014126-NI

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

This case returns to this Court after two prior appeals. See *Zavala v Trinity Cab Co (Zavala I)*, unpublished per curiam opinion of the Courts of Appeals, issued November 18, 2021 (Docket No. 355020); and *Zavala v Trinity Cab Co*, unpublished order of the Courts of Appeals, entered September 20, 2022 (Docket No. 362344). In this current appeal, plaintiff, individually and as next friend and guardian of her son, AZ, appeals as of right from an order for judgment entered after a jury found defendant Trinity Inc. was not negligent as it pertains to a motor vehicle incident

-1-

involving plaintiff and AZ.[1] Plaintiff challenges the trial court's order granting defendant's motion in limine to exclude testimony about plaintiff's medical history and the court's ruling that portions of an incident report from the underlying accident were inadmissible.

On appeal, plaintiff first argues the trial court erred by excluding evidence regarding her injuries and medical treatment arising from the subject accident because the evidence was relevant to resolving AZ's third-party tort claim and was not unfairly prejudicial. Plaintiff also argues the court erred by excluding three pages of an incident report because they contained sufficient information to verify their authenticity and would have assisted the jury in resolving the credibility of the witnesses. We agree that the trial court erred by excluding the evidence of plaintiff's injuries because it became relevant to the issue of causation when defendant argued that the vehicle was not moving fast enough to cause injury, and it was not unfairly prejudicial to defendant; however, the court's error in excluding the evidence does not warrant appellate relief because plaintiff has not demonstrated that the error affected a substantial right of AZ in this case where the jury never reached the issue of causation after determining that the driver was not negligent. We also find that the court did not abuse its discretion when it excluded three pages of the incident report as evidence at trial because plaintiff was not able to sufficiently authenticate those pages, which defendant's driver denied authoring. Accordingly, we affirm the order for judgment in favor of defendant.

## I. BACKGROUND

This case arises from a motor vehicle incident in a parking lot. AZ, who was 38 years-old at the time of the incident, has cerebral palsy and type 2 diabetes. In 2014, AZ was diagnosed with "tractional retinal detachment and lens dislocation in his left eye and a vision score of 20/80." His right eye was prosthetic. The facts underlying this case were set forth in plaintiff's prior appeal, *Zavala I*, unpub op at 2-3:

> On November 6, 2017, [plaintiff] and [AZ] were at Walmart. [Plaintiff] called defendant Trinity Cab to take them home. Both [plaintiff] and [AZ] were in the backseat. [AZ] was belted in, [plaintiff] was not. In their complaint . . . plaintiffs alleged that Trinity's cab driver drove negligently through the parking lot and almost hit a pole. [Plaintiff] rolled forward twice. [Plaintiff] claims that she suffered a cracked tooth and pain in her knees from the incident. The defendant did not contest the cracked tooth but asserted that both it and any knee injury failed to meet the statutory threshold of injury. As conservator and guardian, [plaintiff] also claim[ed] that [AZ's] injuries in the incident caused him to became legally blind. In the complaint, it was alleged that [AZ's] blindness and [plaintiff's] painful knees required assistance from others to accomplish the tasks of daily living.

In July 2020, the trial court granted defendants' motion for summary disposition dismissing both plaintiff and AZ's third-party tort claims, and dismissing AZ's first party no-fault (PIP) claims. In November 2020, the parties stipulated to an order of dismissal, with prejudice, of any

---

[1] Trinity was the only remaining defendant at trial, as the other defendants were previously dismissed.

and all first-party claims by Valerie Zavala, only. One year later, in *Zavala I*, this Court upheld the trial court's order granting summary disposition to defendant regarding plaintiff's third-party tort claim on the basis that she could not prove that she suffered serious permanent disfigurement or serious impairment of body function (as required by Michigan's No-Fault Insurance Act) and AZ's first-party PIP claim.[2] *Id*. at 3-5. But this Court reversed the trial court's order regarding AZ's third-party tort claim, finding that "a genuine issue of material fact exists regarding whether the vehicle accident aggravated [AZ's] preexisting conditions or caused his new injuries." *Id*. at 5. Accordingly, the only remaining claim at the time of trial was AZ's third-party tort claim.

In September 2022, as the parties prepared for trial, defendant filed a motion in limine to exclude any testimony about plaintiff's health and her first-party and third-party claims. According to defendant, although plaintiff could testify "about being in the car at the time of the motor vehicle accident," plaintiff should not be allowed to testify about any alleged injuries she suffered during the accident because plaintiff's first-party and third-party claims had previously been dismissed with prejudice. Thus, under MRE 402 and MRE 403, they were "not relevant to the pending third party claims from [AZ]," and "evidence of her alleged injuries and past PIP settlement [would] mislead and confuse the jury." In response, plaintiff agreed evidence of her first-party and third-party claims should be excluded, however, she contended that her testimony regarding the accident should be allowed at trial because defendant was expected to argue that the subject crash was minor in nature, such that it would not have caused injury, and that plaintiff's testimony would contradict that assertion by showing that she was so violently thrown about in the taxicab that she chipped a tooth and suffered contusions to both of her knees as a result. The trial court found "that any testimony concerning the mother's injuries would be more prejudicial than probative. In particular, they're not relevant to [AZ's] injuries." Accordingly, the trial court entered an order granting defendant's motion.

At trial, AZ testified that he "banged" his eye during the incident. Plaintiff also testified, recounting her version of the incident, which was that the driver of defendant's taxicab, James Shreve, picked up her and AZ from the Walmart, and started driving fast through the Walmart parking lot after becoming upset with her. She said, the taxi came to an abrupt stop, without warning, causing plaintiff to hit her knee and mouth. Plaintiff stated that, after the accident, AZ told her he banged his eye, and she observed a red mark above his eyebrow. Plaintiff did not see AZ hit his head during the accident. Plaintiff took AZ to the hospital the next morning. When the doctors asked AZ if he was okay, AZ said yes. As a result, AZ was not seen by a doctor while at the hospital.

After plaintiff testified, defendant raised a concern regarding a report that was prepared after the incident. The four-page incident report was introduced during the deposition of Shreve in order to refresh Shreve's memory. At that time, Shreve stated that he recognized the handwriting on the first page of the report as his own, but he denied that the handwriting on pages

---

[2] For the purpose of the present appeal, it is important to note that neither the trial court nor this Court held that plaintiff was not injured as a result of the accident; rather, they held that the injuries alleged by plaintiff did not meet the threshold requirements for a third-party tort claim arising out of the ownership, maintenance, or use of a motor vehicle, pursuant to MCL 500.3135.

two, three, and four belonged to him. Shreve did not know who prepared pages two, three, and four, or when the incident report was prepared. Additionally, Shreve claimed that although the form stated he received training in April 2020, he was not working for defendant in 2020 and did not take any safety courses after the accident.

Defendant argued the incident report was inadmissible under MRE 901 because it could not be authenticated. Because the incident report was unsigned, had no date, and it was unclear who prepared the other pages of the report, defense counsel requested the trial court only admit the first page of the report. In response, plaintiff argued that the report was necessary to impeach Shreve because the description of the accident in the report differed from Shreve's description in his deposition. Plaintiff contended the report could be authenticated because it was numbered in sequential order, page two of the report contained plaintiff's name, although spelled incorrectly, and plaintiff's phone number. Additionally, plaintiff claimed the incident report was admissible as an admission of a party-opponent. Because there was no one at trial who could authenticate pages two through four, the trial court said it would not admit those pages into evidence, but the first page would be admitted. Plaintiff then asked, if Shreve was able to authenticate the balance of the document (at trial), whether it would then be deemed admissible. The court said, "I think at this late stage, it would be more prejudicial than probative." The court clarified that plaintiff would be allowed to cross examine Shreve on the topic, but he was not to refer to pages two through four of the report because they were not authenticated.

Shreve then testified that he drove to Walmart in a taxicab provided by defendant to pick up plaintiff and AZ. He pulled the taxi up near the grocery door, and helped plaintiff load her groceries into the taxi. As Shreve began driving through the Walmart parking lot at about two to three miles per hour, a pedestrian walked out in front of the car. Shreve then pressed on the brake to stop the taxi. Shreve then took plaintiff and AZ home. Shreve did not recall that either of the passengers had been injured. Counsel for plaintiff examined Shreve on why he would prepare an incident report for an incident involving a two to three mile per hour braking in which nobody was injured, but he had no explanation.

During closing arguments, plaintiff argued that Shreve failed to use ordinary care by driving too fast through the Walmart parking lot and slamming on his brakes, causing AZ to jolt forward and hit his eye. Plaintiff also asserted that Shreve's negligence was a proximate cause of AZ's injury to his eye and resulting blindness, and AZ's injury constituted an objectively manifested impairment of an important body function. By contrast, defense counsel claimed Shreve was not negligent because he was using ordinary care by driving only two to three miles per hour, and tapping his brakes in order to avoid hitting a pedestrian. Defense counsel also argued that the presence of the pedestrian created a sudden emergency that excused any negligence by its driver. Defendant also argued that plaintiff failed to present sufficient evidence proving that AZ's injury was caused by Shreve's alleged negligence, AZ suffered an objectively manifested impairment, and AZ's injury affected his ability to lead a normal life. The jury answered "No" to the first question on the verdict form "Was Trinity, Inc. negligent?" Accordingly, the trial court entered an order for judgment, which stated that, based on the jury's verdict, defendant "was not negligent, as it pertains to a motor vehicle incident on November 6, 2017." This appeal followed.

## II.  STANDARDS OF REVIEW

We review a trial court's decision on the admission of evidence for an abuse of discretion. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 355; 941 NW2d 685 (2019). An abuse of discretion standard also applies to a trial court's decision on a motion in limine. *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013).  "A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *Sabbagh*, 329 Mich App at 355-356.  "However, any error in the admission or exclusion of evidence will not warrant appellate relief unless refusal to take this action appears . . . inconsistent with substantial justice, or affects a substantial right of the [opposing] party." *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004) (quotation marks and citations omitted).  "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Lewis v LeGrow*, 258 Mich App 175, 200; 670 NW2d 675 (2003).  "[T]he proponent of evidence bears the burden of establishing relevance and admissibility[.]" *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010) (quotation marks and citation omitted).

## III.  EXCLUDING EVIDENCE OF PLAINTIFF'S INJURIES

Plaintiff argues the trial court erred by excluding evidence regarding her injuries and medical treatment arising from the subject accident because the evidence was relevant to resolving AZ's third-party PIP claim and was not unfairly prejudicial.  While we agree that the court erred when it excluded the evidence, which was relevant and not unfairly prejudicial, we find that plaintiff has not shown that a substantial right of AZ's was affected or that failure to admit the evidence was inconsistent with substantial justice.

> Generally, all relevant evidence is admissible and irrelevant evidence is not. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence.  The trial court also has discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury. [*Morales v State Farm Mut Auto Ins Co*, 279 Mich App 720, 729-730; 761 NW2d 454 (2008) (quotation marks and citations omitted).]

Additionally, evidence that is material to and probative of a witness's credibility is always relevant. See *Lewis*, 258 Mich App at 211.

"[T]o establish a prima facie case of negligence, a plaintiff must establish (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty." *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019).  "Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Id*.  The typical duty owed to a plaintiff "often is described as an ordinary-negligence standard of care." *Id*. at 499-500.  "Under ordinary-negligence principles, a defendant owes a plaintiff a duty to exercise ordinary care under the circumstances." *Id*. at 500.  Accordingly, to

-5-

determine whether defendant was negligent, the jury needed to have found: (1) Shreve failed to exercise ordinary care; (2) AZ sustained injuries; and (3) AZ's injuries were caused by Shreve's failure to exercise ordinary care.

One of the defenses proffered by defendant at trial was that the subject incident involved a two to three mile per hour tap on the brakes, to avoid a passing pedestrian. The implication was that AZ could not have struck his eye, thereby injuring it, when the vehicle was barely moving prior to the brakes being pressed. In contrast, plaintiff argued that defendant's driver was driving the taxicab very fast in a parking lot before slamming on the brakes. Plaintiff's testimony, that the force of the vehicle's stoppage was so strong that she chipped a tooth and injured both of her knees, constituted evidence making defendant's proffered defense less likely. Thus, the trial court erred by finding that the evidence was not relevant to any fact that was of consequence in determining the action.

Next, we turn to the issue of whether the evidence of plaintiff's injuries should nonetheless have been excluded on the basis that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. *Morales*, 279 Mich App at 729-730. Plaintiff testified that, while in the Walmart parking lot, Shreve starting driving "back and forth," and "was braking every minute[.]" Plaintiff believed Shreve became upset with her and, as a result, started driving fast through the Walmart parking lot. Plaintiff explained that, without warning and any noticeable obstacles in the way, the taxi came to an abrupt stop, causing her to hit her knee and mouth. Considering the fact that defendant essentially denied that plaintiff's version of events was possible, i.e., because he said the vehicle was moving two to three miles per hour, the admission as evidence of the physical effect that the force of the stoppage of the vehicle had on plaintiff's body, i.e., that it caused her to chip a tooth and suffer contusions to both knees, would not have unfairly prejudiced the defendant because its value in refuting defendant's assertion that AZ could not have possibly been injured by the force of the vehicle's sudden stoppage was not substantially outweighed by the danger that it would unfairly prejudice defendant, mislead the jury, create undue delay, waste time, or constitute the presentation of needless cumulative evidence. See *id*. at 730.

Although we find that the court erred when it excluded the evidence, we also find that plaintiff has failed to argue or demonstrate how the court's order excluding the injury evidence was inconsistent with substantial justice or affected one of her substantial rights. See *Craig*, 471 Mich at 76. In its brief on appeal, defendant noted that plaintiff had failed to establish that a substantial right was impacted sufficient to warrant a new trial under MRE 103 and cited to *Barr v Farm Bureau Gen Ins Co*, 292 Mich App 456, 458; 806 NW2d 531 (2011), which says: "Under MRE 103(a)(1), error may not be predicated on a ruling admitting or excluding evidence unless a substantial right is affected." In her reply brief, plaintiff ignored that argument and failed to provide any analysis whatsoever as to why this Court should find that one of AZ's substantial rights was impacted by the court's order excluding evidence of her injuries. Plaintiff was able to present her version of the accident to the jury and she had the opportunity to submit evidence of AZ's injuries. Her counsel confronted the witness, Shreve, about why he would prepare an incident report if he had only been traveling two to three miles per hour at the time of an incident where he claimed that nobody was injured. While it is true that plaintiff was not permitted to bolster her testimony with the fact that she chipped a tooth and contused both knees, she cannot demonstrate that the court's refusal to admit that testimony affected one of AZ's substantial rights or that it was inconsistent with substantial justice. Ultimately this case became a credibility contest

between Shreve and plaintiff. Shreve testified that he was not driving more than two or three miles per hour, he "tapped" the brakes in order to avoid striking a pedestrian, and he did not recall that any of his passengers had been injured. There was evidence admitted at trial that supported the jury's finding that defendant, through Shreve, was not negligent. Because plaintiff cannot demonstrate that any alleged error by the trial court was inconsistent with substantial justice or affected her substantial rights, plaintiff is not entitled to a new trial.

## IV. AUTHENTICATION AND EXCLUSION OF THE INCIDENT REPORT

Plaintiff argues the court erred by excluding the incident report because the report contained sufficient information to verify its authenticity and would have assisted the jury in resolving the credibility of the witnesses. We disagree.

In its role as "evidentiary gatekeeper," the trial court determines the admissibility of evidence, and a threshold question is whether the evidence can be authenticated. *Mitchell v Kalamazoo Anesthesiology, PC*, 321 Mich App 144, 154-155; 908 NW2d 319 (2017). MRE 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[3] In *Mitchell*, 321 Mich App at 154, this Court explained that a challenge to the authenticity of evidence involves a two-part inquiry:

> In Michigan, challenges to the authenticity of evidence involve two related, but distinct, questions. The first question is whether the evidence has been *authenticated*—whether there is sufficient reason to believe that the evidence is what its proponent claims for purposes of admission into evidence. The second question is whether the evidence is *actually authentic* or *genuine*—whether the evidence is, in fact, what its proponent claims for purposes of evidentiary weight and reliability.

In compliance with MRE 901(a), the party seeking to admit the evidence must "make a prima facie showing that a reasonable juror might conclude that the proffered evidence is what the proponent claims it to be." *Id*. at 155. Evidence offered in support of authentication can be direct or circumstantial, and "need not be free of all doubt." *Id*. at 155, 157. Authentication may be supported by evidence including, but not limited to, testimony of a witness with knowledge, opinion about handwriting, and distinctive characteristics of an item. MRE 901(b)(1), (2), and (4). Once the proponent of the evidence satisfies the initial requirement of a prima facie showing, the evidence is authenticated and can then be presented to the jury. *Mitchell*, 321 Mich App at 155. As this Court explained, "[w]here a bona fide dispute is presented on the genuineness and reliability of evidence, the jury, as finder of fact, is entitled to hear otherwise admissible evidence regarding that dispute." *Id*. at 157.

Page one of the incident report states that the date of the accident was November 6, 2019, Shreve was the driver of the vehicle, the accident occurred at Walmart, and that two passengers

---

[3] MRE 901 was amended by 512 Mich lxiii (2023), effective January 1, 2024. We cite to the version of MRE 901 in effect at the time of trial.

were in the car. During his deposition, Shreve stated that only page one contained his handwriting. Accordingly, Shreve's testimony regarding the contents of the report and his handwriting was sufficient to authenticate the first page of the incident report, MRE 901(b)(1) and (2), and the trial court properly admitted it at trial.

Regarding the authentication of pages two, three, and four, the record shows that none of the pages of the incident report are signed or dated, and only page one implicates "National Express," defendant's parent company. Additionally, Shreve testified that he did not know who prepared pages two, three, and four, and he denied receiving training after the accident despite the fact that page four indicates further training was provided. This evidence supports the trial court's conclusion that pages two, three, and four could not be authenticated because the author of those pages was unknown. This fact is particularly important as it applies to page two, because plaintiff alleged that page two of the report contained Shreve's version of the incident at the time the report was created. The trial court noted that plaintiff could have conducted discovery regarding the incident report at the time it was produced, including depositions or interrogatories that may have identified the author or the circumstances of its creation, but failed to offer any such evidence at trial. Although it is unusual that defendant would produce its own business record and then dispute its authenticity, the fact is the court was faced with a situation where Shreve denied writing the statement contained on page two, leaving the court with no way of knowing the source or reliability of that statement.

In addition, as defendant argued, even if the court determined that there was sufficient evidence to authenticate page two of the document under MRE 901, the report was hearsay and was not admissible as an opposing party statement under MRE 801(d)(2). Hearsay is an out-of-court oral or written assertion made by the declarant and offered into evidence to prove the truth of the matter asserted. MRE 801(a) and (c). Hearsay is inadmissible except as allowed by the Michigan Rules of Evidence. MRE 802. In the present case, because Shreve denied writing the statement contained on page two, the court could not know whether the statement was double hearsay in the form of another employee recording what Shreve allegedly said about the incident, triple hearsay in the form of a second employee recording the first employee's recollection of Shreve's statement, or worse. Plaintiff argues that she did not seek to admit the second page of the incident report to prove the truth of any of the assertions made therein. Instead, plaintiff sought to admit the report to impeach Shreve's testimony because his description of the accident in his deposition differed from the narrative in the report. "A previous inconsistent statement of a witness, admissible to impeach credibility, is not regarded as an exception to the hearsay rule because it is not offered as substantive evidence to prove the truth of the statement, but only to prove that the witness in fact made the statement." *Merrow v Bofferding*, 458 Mich 617, 631; 581 NW2d 696 (1998). But, in order to admit such a statement at trial, some foundation must first be laid establishing that the witness actually made the statement. *Id*. In the present case, plaintiff laid no foundation establishing that Shreve actually made the statement contained in page two of the report. As such, the trial court properly declined to admit the evidence for impeachment purposes.

Regardless, even if plaintiff could support the argument that the trial court erred by excluding pages two through four of the report, plaintiff would only be entitled to relief if she can demonstrate that the court's evidentiary error was inconsistent with substantial justice or affected a substantial right. *Craig*, 471 Mich at 76. Plaintiff claims the trial court's error prevented the jury from being able to properly assess Shreve's credibility, "which amounts, respectfully, to an

abuse of the Trial Court's discretion and a fundamentally unfair and improper ruling on the issue." But, again, plaintiff fails to explain how the trial court's error was inconsistent with substantial justice or impeded a substantial right. Nor does the evidence support this conclusion. Although the report may have aided plaintiff in challenging Shreve's credibility, plaintiff was still able to call Shreve's credibility into question through her counsel's examination and by testifying to her own account of the accident, which differed greatly from Shreve's. Thus, even without the report, the jury was able to make a credibility determination regarding the witnesses' testimony when rendering the verdict. Additionally, as stated above, there was evidence admitted at trial that supported the jury's finding that defendant, through Shreve, was not negligent. Because plaintiff has failed to prove that the trial court's evidentiary error deprived AZ of a substantial right or justice, plaintiff is not entitled to a new trial.

Affirmed.


/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace